## Melnick, Appellant, *v.* Hamilton et al.

*Judgments—Striking off judgments—Landlord and tenant—Lease— Confession of judgment—Entry of judgment by a Prothonotary—Act of February 24, 1806, P. L. 270.*

Upon a petition to open a judgment, which contained no suggestion of irregularity in the judgment, it is error for the court to order it to be stricken off.

The Act of February 24, 1806, P. L. 270, does not give to the prothonotary the same power which an attorney at law has to confess judgment; it only authorizes him without the agency of an attorney to enter a judgment in the way specified by the Act.

Where an attorney at law, acting for a lessor with power in a lease to confess judgment if the lessee removes his goods, files a confession of judgment with a statement setting forth the grounds for the confession, and authorizes the prothonotary to enter judgment, a judgment so entered is valid and cannot be stricken off. The confession of such a judgment is not the act of the prothonotary, but that of the lessor acting through his attorney.

A layman may be duly invested with power to confess judgment.

Argued December 9, 1925. Appeal No. 344, October T., 1925, by plaintiff, from judgment of C. P. No. 4, Philadelphia County, June T., 1924, No. 6853, in the case of Eugene J. Melnick v. William J. Hamilton, Jacob M. Daubert. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to open a judgment. Before AUDENREID, P. J., FINLETTER and McCULLEN, JJ.

The facts are stated in the opinion of the Superior Court.

576    MELNICK, Appellant, *v.* HAMILTON et al.

Assignment of Error—Opinion of the Court.    [87 Pa. Superior Ct.

The court ordered that the judgment be striken from the record. Plaintiff appealed.

*Error assigned* was the order of the court.

*Samuel Melnick,* for appellant.

*Matthew Randall,* and with him *Clinton A. Sowers,* for appellee.

Opinion by Henderson, J., February 26, 1926:

The plaintiff procured a judgment to be entered against the defendant for a balance alleged to be due as rent on a lease in writing in which a term was granted to the defendant for two years from the 23d day of December, 1922, at a monthly rental of $60. The amount claimed to be due was $360, that being the balance from June 23, 1924, to the expiration of the term. The lease contained a proviso that if the lessee should remove his goods out of the premises without having paid or satisfied the lessor in full for all rent which should become due during the term of his lease, such removal should be considered fraudulent and the whole rent for the remainder of the term "shall be taken to be due and payable," and the lessor was authorized to proceed by landlord's warrant "or other process to distrain and collect the whole in the same manner as if by the conditions of the lease the whole rent were payable in advance." The lease contained a warrant to said lessor to confess judgment against the lessee for rent due and for any expense incurred in removing rubbish, etc., from the premises. Pursuant to this authority the plaintiff filed a confession of judgment in writing on the 14th of July, 1924, in which was set forth the fact that the defendant had removed all the goods and effects out of the premises on or before June 18, 1924, without having paid the rent for the balance of the term. Accompanying this confession was a paper filed by the plaintiff's attorney in the nature

of a statement of claim in which the fact of the lease, the provision relating to the removal of the lessee's property from the premises without the payment of the balance due for the term, and the amount due on the lease were set forth with direction to the prothonotary to enter judgment against the defendant pursuant to the provisions of the lease, a copy of which was attached to the confession of judgment. The judgment was accordingly entered by the prothonotary for the amount claimed by the plaintiff. Subsequently an application was made to the court for a rule to show cause why the judgment should not be stricken off. At a later date this petition was withdrawn and an application for a rule to show cause why the judgment should not be opened was made. It was under the latter rule that the order of the court was made striking off the judgment from which the pending appeal was taken. As there was then no rule to vacate the judgment, and that question seems not to have been raised, we may assume that it was done by the court summarily on inspection of the record. The action was taken as stated by the court for the reason that the prothonotary was "without authority under the Act of 1806 to enter judgment by confession on any instrument unless the amount due thereon shall appear upon the face thereof, and no attorney having appeared therein on behalf of the defendant." The court seems to have had the understanding that the judgment was entered by the prothonotary under the authority conferred by the Act of 1806, but the proceeding here was of a different nature. If the lease had been filed with the prothonotary, and he, acting under any authority contained therein, had entered judgment, there would have been a lack of support for such judgment if the amount due did not appear in the instrument. The Act of 1806 does not give to the prothonotary the same power which an attorney-at-law has to confess judgment. It only au-

thorizes him without the agency of an attorney to enter a judgment in the way specified in the Act. But the judgment was confessed by a person authorized so to do in the lease. The lessee empowered the landlord to confess a judgment according to the provisions of the contract. The judgment was therefore not the act of the prothonotary. His office gives him no authority to act as attorney in fact or at law for suitors or others, and imposes no duties except such as grow out of his position in the court. He might be empowered to confess judgment in the instrument in which case he would obtain his authority from the instrument and not from his office. A confession of judgment may be made not only by the defendant, but by someone authorized to act for him to that effect. In a great majority of cases such power is given to an attorney-at-law, but a layman may be duly invested with such capacity: Whitney v. Hopkins, 135 Pa. 247. Here the plaintiff exercised the authority expressly given to him in writing and placed on record in connection with the confession. His warrant of attorney and the suggestion of breaches in the covenant are all part of the record and in our opinion furnish a sufficient support for the judgment. It may be that there is a complete defense to the claim and that could be shown under the rule to open. This is the remedy to which the defendant resorted and through which his defense should be worked out. The petition to open contains no suggestion of irregularity in the judgment and the question was therefore not before the court.

The assignment is sustained, the judgment reversed and the record remitted with a procedendo.