The lease in this case contained a provision that "no writ of error, objection or exception shall be taken" to the judgment authorized to be confessed. *Held:* That the appeal should be dismissed.

Argued November 1, 1927. Appeal No. 488, April T., 1928, by defendant from judgment of C. P. Washington County, August T., 1927, No. 309, in the case of The Vesta Coal Company v. William Jones. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal dismissed.

Rule to strike off judgment. Before BROWNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*Adolph L. Zeman,* for appellant.

*Joseph C. Spriggs,* and with him *Wm. D. Evans* and *Andrew M. Linn,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1927:

On August 1, 1918, William Jones, appellant herein, was in the employ of The Vesta Coal Company, the appellee, which company by a lease executed on that date demised to him a dwelling house owned by it and designated as No. 138 at Mine No. 6 of Denbo, Washington County, Pennsylvania. The term of the lease was one month and if the lessee held over he was to be "considered as holding from month to month." Among other covenants in the lease we find the following upon the part of appellant: "The lessee agrees to work for The Vesta Coal Company while he occupies the premises on the same terms as other similar workmen are there employed; and if he should quit or be discharged, he agrees to move from and yield up and give peaceable possession to the lessor within ten (10) days thereafter...... And if possession shall not be surrendered when the lessor is entitled to it under this agreement, it may commence an action in ejectment for the premises and the lessee hereby authorizes and empowers any attorney of the Court of Common Pleas of said County in which said action is commenced to appear for him or any person in possession under him, accept service of the writ and forthwith confess judgment in such action, for which this shall be his warrant; upon which judgment a writ of habere facias possessionem may at once issue to restore possession of the premises to the lessor, its successor and assigns, with a clause of fi. fa. for the collection of costs. All errors and defects in such judgment and the proceeding therein are hereby waived and no writ of error, ob-

jection or exception shall be taken thereto; and all exemption laws are waived as to costs.''

The tenancy continued until June 27, 1927, upon which date notice was served by appellee, as lessor, upon appellant, as lessee, notifying and requiring him to quit and deliver up quiet and peaceable possession of the premises within ten days in compliance with the provisions of the lease. Upon the failure of appellant to surrender possession, counsel for appellee and an attorney, acting upon this occasion for appellant under authority alleged to have been conferred upon him by the above quoted provisions of the lease, entered into an agreement in writing for an amicable action of ejectment and filed the same on July 11, 1927, in the office of the Prothonotary of the Court of Common Pleas of Washington County. This agreement also contained a confession of judgment in ejectment against appellant, together with a statement of the grounds therefor. Attached to the agreement were: a copy of the lease, verified by affidavit; a copy of the notice to quit; a certificate of service of the original; and an affidavit to the effect that appellant had failed and refused to deliver possession of the premises. No praecipe was filed or summons issued and the confession of judgment was simultaneous with the entering of the agreement for the amicable action. The portions of the paper filed which are material to the question argued before us read:

''It is hereby agreed that the above action be entered as if a summons had been regularly issued out of said Court at the suit of the plaintiff against the defendant, on a certain lease, a true copy whereof is hereto annexed, and had been duly served, and so returned by the Sheriff; and that judgment be entered thereon for plaintiff, without appeal, writ of error or objection or exception.

''This judgment in ejectment for said premises, is entered upon the determination of the said lease, by

virtue of the default of the said tenant, William Jones, in the non-performance of his agreement, in ceasing to work for said plaintiff; and in pursuance of the terms of said lease by which said plaintiff reserved the right to re-enter at any time after ten days' notice, said notice of intention to re-enter having been served upon the defendant upon the 27th of June, 1927, a true copy of said notice being hereunto annexed, whereby the said lease has absolutely ceased and determined, which absolute ceasing and determination of the said lease, the said lessor hereby declares and avers.''

Notice of the entering of the judgment and to the effect that a writ of *hab. fa.* would be issued thereon unless appellant removed from the premises within six days was accepted by counsel retained for appellant on July 13, 1927. Thereupon appellant presented his petition to the court below averring that the entry of the judgment was irregular and unlawful for a number of specified reasons and praying that it be stricken off. The issues raised by the application to strike off the judgment were exclusively of law and after argument and consideration the court below, in an opinion by BROWNSON, P. J., dismissed the petition and this appeal followed. Pursuant to leave granted at bar counsel for appellee filed a motion to quash this appeal upon the ground that appellant, under the provisions of the lease, had waived his right to have the judgment entered against him in the court below reviewed by an appellate court. An examination of the record in this appeal discloses that appellant's petition was not an appeal to the equitable powers of the court below to open the judgment, to the end that appellant might have an opportunity to present a meritorious defense before a jury, but was a proceeding upon the law side of the court to strike it off by reason of certain alleged irregularities appearing on the face of the record: O'Hara v. Baum, 82 Pa. 416. The following quotation from the brief of the learned counsel for appellant sum-

marizes his argument upon the merits: "We contend that the record shows on its face that the agreement is not in conformity with the statute [Section 40 of the Act of June 13, 1836, P. L. 572, 579] and is not within the power granted under the warrant of attorney in the lease and that the judgment as entered is illegal and invalid." The specific matters upon which they relied at the argument in this court were that the lease contemplated the filing of a praecipe, the actual issuing of a summons and an acceptance of service thereof before a judgment could lawfully be confessed. The question raised by the motion to dismiss this appeal is identical with that involved under a similar motion in the case of Consumers Mining Company v. Smaile Chatak, No. 535 April Term, 1928, in which we filed an opinion on November 23, 1927, stating at length our reasons for dismissing the appeal in that case. There, as here, no writ was issued prior to the confession of the judgment in ejectment and the language of the waiver in that case was "all errors and defects in such judgment and in the proceeding thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ of error, objection or exception shall be taken thereto." Here it is "all errors and defects in such judgment and the proceeding therein are hereby waived and no writ of error, objection or exception shall be taken thereto." It was earnestly contended in that case and in the case at bar that there is a distinction, in so far as appellate proceedings are concerned, between appeals to review a refusal to open a judgment and those taken to review a refusal to strike it off; that a proceeding to open, being an appeal for the exercise of equitable powers, was, prior to the Act of May 9, 1889, P. L. 158, reviewable by a writ of error, but a proceeding to strike off, based as it must be upon irregularities appearing upon the face of the record, was reviewable only by certiorari; and that the act (under which writs of error

and certiorari, as well as appeals proper, are all designated "appeals") did not relieve from the necessity of determining in each case the extent of the powers and the nature of the duties of the appellate court. But we there declined to assent to this alleged distinction and referred to a number of cases in which the refusal of lower courts to strike off judgments had been reviewed upon writs of error. To the authorities cited in the case referred to may profitably be added Cuncle v. Dripps, 3 P. & W. 291. This was a suit brought originally before a justice of the peace, appealed to the common pleas and referred to arbitrators. In the agreement to refer it was provided that the report of the arbitrators should be final and that neither party should "have a right to appeal from, file exceptions to, or take a writ of error on the same." Upon appeal to the Supreme Court from the action of the court below refusing to modify the report of the referees our Supreme Court, in a per curiam opinion, said: "Cannot a party bind himself not to take a writ of error? It never was before doubted; and it would be a scandal to the administration of justice, if this writ, taken as it notoriously is, in fraud of the agreement, were supported. Writ quashed." For the reasons stated at length in the opinion in the Chatak case the motion to dismiss this appeal will be granted. The granting of this motion disposes of this case but we may add that we have also fully considered the merits.

It is clearly stipulated in this lease that "if possession shall not be surrendered when the lessor is entitled to it under this agreement" an amicable action in ejectment may be entered, and express authority is given to any attorney of the court having jurisdiction to appear generally "and forthwith confess" an appropriate judgment in such action. In the case of Pittsburgh Terminal Coal Corporation v. Robert Potts, No. 75 April Term, 1928, in which an opinion was also

filed on November 23, 1927, we considered, among other questions there involved, the issues arising upon the merits of this appeal. We there showed, citing Cook, et al. v. Gilbert, 8 S. & R. 566, and Moyer v. Kirby, 14 S. & R. 162, that the validity of judgments confessed in amicable actions does not depend upon conformity in such proceedings with the provisions of any act of assembly; that such actions, resulting in confessed judgments, are not statutory but were well known at common law; that the exact manner in which the action shall be commenced and entered in the court having jurisdiction—whether by praecipe for and the issuing of an appropriate summons, or the filing of a declaration, or other pleading, setting forth the cause of action, or the filing of an agreement of the parties, or their attorneys, for an amicable action—is immaterial, provided the defendant has agreed that the action may be commenced as an amicable proceeding and has authorized the confession of the judgment. In the Potts case a formal declaration of the cause of action was filed but a declaration is not always essential: Moyer v. Kirby, supra, and here the provisions of the lease and the breach thereof by appellant are set forth with reasonable certainty in the agreement for the amicable action. The effect of the entering of an amicable action of ejectment was considered by our Supreme Court in Massey v. Thomas, 6 Binney 332, and we quote the following from the concurring opinion by Mr. Justice Yeates in that case: "By such entry of an amicable action, the defendant waives the necessity of issuing a writ, and of course everything contained in it. I cannot suppose that the Legislature meant to prevent parties appearing without previous process. An early determination of the controversy seems to have been a favorite object." In the lease now under consideration appellant committed himself to the common law essentials of a valid judgment by confession in the course of an amicable action. It may

be observed that he also waived "all errors and defects in such judgment and the proceedings therein." In the Potts case we held that the irregularities there complained of, which were similar to those relied upon in this case, were at most matters relating to the manner in which the authority conferred by the lease had been exercised and did not show a lack of authority to confess the judgment. A majority of the members of this court are of opinion that the matters here complained of, even if assumed to be irregularities, are the kind of irregularities which may be waived and that they were waived by this appellant.

We have not overlooked the motion of counsel for appellee that the penalty of an additional attorney fee of $25, authorized by the Act of May 19, 1897, P. L. 67, when the appellate court shall be of opinion that the appeal was sued out merely for delay, be imposed in this case. In view of the importance of the questions involved and taking into consideration all the circumstances disclosed by this record we are satisfied that this motion should be denied.

The motion to dismiss the appeal is granted and the appeal is dismissed at the costs of the appellant.

