## Hillman Coal & Coke Company *v.* Metcalfe, Appellant.

*Leases—Judgments—Confession—Amicable Action.*

The validity of judgments confessed in amicable actions does not depend upon conformity in such proceedings with the provisions of any statute. Such actions resulting in confessed judgments are not statutory, but are well known at common law, and the exact manner in which the action may be commenced and entered in the court having jurisdiction is immaterial, if the defendant has agreed that the action may be commenced as an amicable proceeding and has authorized the confession of the judgment.

Submitted November 21, 1927. Appeal No. 938, April T., 1928, by defendant from judgment of C. P.

Fayette County, September T., 1927, No. 141, in the case of Hillman Coal and Coke Company v. John Metcalfe. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to strike off judgment. Before HENDERSON, J.
The facts are stated in the opinion of the Superior Court.
The Court discharged the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*H. Vance Cottom,* and with him *Adolph L. Zeman,* for appellant.

*Thomas Watson,* and with him *R. M. Steffler,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1927:
Appellant complains of the action of the Court of Common Pleas of Fayette County in dismissing his petition to strike off a judgment in ejectment confessed against him in that court under authority alleged to be contained in a lease in which he is the lessee and the Hillman Coal and Coke Company, appellee herein, the lessor. The subject matter of the lease, dated June 9, 1927, is a house and lot known as No. 83 in Brownsville Borough, Fayette County, Pennsylvania, and one of the covenants on the part of appellant is that he will work for appellee while he occupies the premises and "if he should quit or be discharged" will yield up peaceable possession "within one day thereafter." On August 23, 1927, appellant was discharged and on September 8, 1927, was notified to vacate within five days from that date. Under the terms of the lease any attorney of any court of record is empowered, upon default in payment of rent by the

lessee or upon breach of any other covenant of the lease, to appear for him and confess against him "with or without declaration filed" two judgments: first, a judgment "for the sum due by reason of said default or breach of covenant........with the release of all errors, and without stay of execution," etc., and second, an additional "judgment in ejectment against lessee and all persons holding under him or them........ with all the conditions, fees, releases, stays and exemptions to accompany said confession of judgment in ejectment as are set forth in said confession of judgment for said sum due." When appellant failed to remove from the premises appellee filed in the court below on September 17, 1927, a declaration setting forth as a cause of action the making of the lease, the taking of possession by appellant and the giving of the notices of discharge and to quit, and averring that appellant had defaulted in payment of the rent for more than thirty days and refused to give up possession. Copies of the lease and notices were attached to the declaration. On the same day an attorney *p. h. v.* for appellant, acting by virtue of the authority contained in the lease, appeared for him, accepted service, waived the issuing of a summons and confessed a judgment in ejectment for the premises. Appellant petitioned to have this judgment stricken off and the court below (relying upon the authority of the opinion of President Judge Brownson of Washington County in the case of The Vesta Coal Company v. William Jones, at No. 309 August Term, 1927, of the Court of Common Pleas of Washington County, approved this day by this court in an opinion filed at No. 488, April T., 1928,) dismissed the petition. The distinction between the case now at bar and the Jones case is that here the lease contains no waiver by the lessee of his right to appeal from the refusal of the court below to strike off the judgment; whereas, in the Jones case such right was expressly waived in the lease and we therefore dismissed his ap-

peal. The only waiver contained in the lease involved in this case is a release by appellant of all errors in the exercise of the authority conferred by him with relation to the entering of an amicable action and the confession of judgments therein. This appellant is entitled to have his appeal disposed of upon its merits, but an examination of the record discloses no error upon the part of the court below.

In the case of Pittsburgh Terminal Coal Corporation v. Robert Potts, appellant, at No. 75 April Term, 1928, in which we filed an opinion on November 23, 1927, we pointed out that the validity of judgments confessed in amicable actions does not depend upon conformity in such proceedings with the provisions of any statute; that such actions, resulting in confessed judgments, are not statutory but were well known at common law; that the exact manner in which the action may be commenced and entered in the court having jurisdiction— whether by praecipe for and the issuing of an appropriate summons, or the filing of a declaration or other pleading setting forth the cause of action, or the filing of an agreement of the parties, or their attorneys, for an amicable action—is immaterial, provided the defendant has agreed that the action may be commenced as an amicable proceeding and has authorized the confession of the judgment. What we there said is applicable to the merits of this case and disposes of the questions here involved adversely to the contention of appellant.

The order of the Court of Common Pleas of Fayette County dismissing the petition to strike off the judgment is affirmed.