Kros, Appellant, *v.* Bacall Textile Corporation.

Argued October 2, 1956.  Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Wanda P. Chocallo,* with her *Joseph Sharfsin,* for appellants.

*Paul Brandeis,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 12, 1956 :

Defendant having obtained a rule to show cause why a judgment which had been entered against it by confession should not be opened, the court below, upon consideration of the rule, instead of either making it absolute or discharging it, struck the judgment from the record.

On November 12, 1954, plaintiffs leased to the defendant corporation a lot and building thereon, excepting certain specified portions thereof, in Hatfield Township, Montgomery County, to be used and occupied as a factory, for a term of one year from December 1, 1954, with an option to defendant to renew the lease for a further period of one year. Defendant duly exercised this option by notice to plaintiffs on September 15, 1955, but on November 20, 1955, the demised premises were totally destroyed by fire, giving rise to the controversy embodied in this litigation.

The lease provided that "Lessee agrees to pay as rent in addition to the minimum rental herein reserved any and all sums which may become due by reason of the failure of Lessee to comply with all of the covenants of this lease and any and all damages, costs and expenses which the Lessor may suffer or incur by reason of any default of the Lessee or failure on his part to comply

with the covenants of this lease, and each of them, and also any and all damages to the demised premises caused by any act or neglect of the Lessee." Another provision was that "Lessee covenants and agrees that he will without demand . . . Use every reasonable precaution against fire." And still another provision that "In the event that the demised premises is totally destroyed or so damaged by fire or other casualty not occurring through fault or negligence of the Lessee or those employed by or acting for him, that the same cannot be repaired or restored within a reasonable time, this lease shall absolutely cease and determine, and the rent shall abate for the balance of the term." It was further provided that "If rent and/or charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid Lessee hereby empowers any Prothonotary or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part of the rent specified in this lease and then unpaid including, at Lessor's option, the rent for the entire unexpired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney's commission at 5%."

Plaintiffs caused judgment against defendant to be entered in an amicable action of assumpsit, the judgment being confessed by an attorney for defendant under authority of the warrant contained in the lease. The

affidavit on which the judgment was based averred that the fire was caused by the act, fault or neglect of defendant or those acting for it, that thereby plaintiffs had suffered damages and costs to the extent of $60,000, and that in further violation of the terms of the lease defendant had failed to pay the rentals due from December 1, 1955, for the unexpired balance of the term. The judgment was entered for the said sum of $60,000, rentals due $3,240, interest $732.51, and attorney's commission $3,162, or a total of $67,134.51. At the same time plaintiffs issued writs of attachment execution against defendant's insurance companies as garnishees.

Defendant filed a petition to open the judgment denying that it had caused the destruction of the premises by fire, to which an answer was filed by plaintiffs. While depositions were being taken by the parties in support of and against the rule the court dissolved the attachments. On an appeal by plaintiffs this court reversed that action and remanded the record with a procedendo.

The depositions having been completed and hearing had, the court below now entered an order striking off the judgment in spite of the fact that defendant had not requested such relief, and it also again dissolved the attachments. From that order plaintiffs took the present appeal.

It is immediately obvious that the controlling factual issue in the case which must be ultimately decided is whether defendant had used "every reasonable precaution against fire", or whether, on the contrary, the fire had actually occurred through the act, fault or neglect of defendant or those employed by or acting for it and whether plaintiffs had suffered damages to the extent alleged by them. The only present question, assuming, arguendo, that the court could of its own motion con-

364

vert a rule to open the judgment into a rule to strike it off,\* is whether plaintiffs had the right to enter the judgment by confession under the warrant of attorney contained in the lease. In the determination of that question two important facts must be borne in mind: (1) That there is a fundamental difference in the requirements attending an application to the prothonotary to enter a judgment under the Act of February 24, 1806, P.L. 334, 4 Sm. L. 270, §28, and the entry of a judgment by an attorney in an amicable action by virtue of authority duly granted by warrant of attorney. (2) That, as already quoted, the lease provided that any and all sums which might become due by reason of the failure of the lessee to comply with all of the covenants of the lease and any and all damages, costs and expenses which the lessor might suffer or incur by reason of any default of the lessee or failure on its part to comply with the covenants of the lease, and also any and all damages to the demised premises caused by any act or neglect of the lessee, were to be *paid as additonal rent.*

Under the Act of 1806, judgment can be entered by the prothonotary only for the amount which from the face of the instrument may appear to be due. In the case, however, of a judgment entered in an amicable action in pursuance of a warrant of attorney it is necessary only that the affidavit on which the confession of

---

\* Whether the court can, of its own motion, convert a rule to strike off a judgment into a rule to open a judgment, thus giving the obligor partial instead of the more extreme relief sought by him, or whether, where the obligor asks only that a judgment be opened, the court can, of its own motion, strike off the judgment, is, to say the least, extremely doubtful; cf. *Hamborsky v. Magyar Presbyterian Church (No. 1)*, 78 Pa. Superior Ct. 519; *Melnick v. Hamilton*, 87 Pa. Superior Ct. 575; *Young v. Mathews Trucking Corporation*, 383 Pa. 464, 119 A. 2d 239; 7 Standard Pa. Practice, pp. 94, 95, §106.

judgment is based should set forth defendant's default justifying the entry of the judgment and the amount alleged to be due as a result thereof; it is not an objection to the validity of the judgment that the facts supporting such averments can be ascertained only from evidence dehors the face of the obligation; if such facts are contested the defendant's remedy is by rule to open the judgment, not to strike it off. This distinction is explained at length in *Noonan, Inc. v. Hoff*, 350 Pa. 295, 38 A. 2d 53. In *Kahn v. Harlan*, 55 Pa. Superior Ct. 568, 571-573, where a warrant of attorney did not authorize the confession of a judgment for any specific sum and it did not appear on the face of the record how much, if any, was due and owing by reason of defendant's default, the court pointed out that the judgment was not the act of a court nor of the prothonotary exercising the functions conferred on him by the Act of 1806, but "purely and solely the act of the defendants themselves", and the court said that "It cannot be argued that if they had personally signed the confession of judgment, they would afterwards be in a position to question the regularity of such judgment and ask to have it stricken from the record. What they could thus do in person, they could authorize an attorney at law to do for them." The court further said that, "It would seem unreasonable to hold that the warrant could become effective only after it had been judicially determined that there was a default and a like ascertainment of the resultant damages. In such case the warrant would be entirely useless because an adverse judgment would, under such circumstances, promptly follow." To the same effect, see *Melnick v. Hamilton*, 87 Pa. Superior Ct. 575; *Hillman Coal & Coke Company v. Metcalfe*, 92 Pa. Superior Ct. 14; *Vesta Coal Company v. Jones*, 92 Pa. Superior Ct. 30; *Finance & Guaranty Company v.*

*Mittleman,* 93 Pa. Superior Ct. 277; *Paone v. Romanini,* 161 Pa. Superior Ct. 603, 56 A. 2d 347.

The point of all these and similar cases is that an obligor may confess judgment against himself in any way or according to any terms or conditions he may see fit, and, that being so, may authorize any attorney to do so for him in an amicable proceeding and without any recourse whatever to the Act of 1806. Here a judgment was authorized for the damages suffered by the plaintiffs because of any act of defendant or negligence on its part causing damages to the demised premises. Plaintiffs' affidavit averred that defendant caused the fire which destroyed the premises; the confession of judgment based on that ground was expressly authorized by the warrant of attorney; if the fact so alleged was unjustified defendant's remedy is by proceedings to open the judgment, not to strike it off. A judgment cannot be stricken off except for defects apparent on its face. An explicit provision in the lease made the damages suffered by plaintiffs payable *as additional rent* for the premises; this also brought the confession of judgment for such damages under the express terms of the warrant of attorney: *Grady v. Schiffer,* 384 Pa. 302, 306, 307, 121 A. 2d 71, 73. If the damages were overstated defendant's remedy is likewise to be sought under its rule to open the judgment. The court below in its opinion stated that "If this were not so, [that the judgment should be stricken] we should open the judgment." Since we too deem it clear from the record that defendant should be afforded the right to have the judgment opened in order to determine the factual issues involved, we will remand the record to the court below with direction to make defendant's rule absolute. It is true that the lease provides that any judgment entered by virtue of the warrant of attorney should be final and that the

lessee waived therein the right to file a motion or rule to strike off or open the judgment and released all errors in the proceedings, but it is well established that such a waiver applies only to technical or procedural irregularities and not to substantive or fundamental questions of liability or the amount thereof.

In conclusion, it may be pointed out that the only difference between plaintiffs' contention that the judgment should be allowed to remain pending the determination of the factual issues involved, and the opinion of the court below that plaintiffs should be relegated to a regular action in assumpsit, is that in the former event the lien of the attachments will remain for the benefit of the plaintiffs until the issues are finally decided; since, however, this naturally works a hardship upon defendant if it should finally appear that plaintiffs' claim cannot be sustained, it is obviously important that, the judgment being opened, the submission of the case to a jury should be expedited as much as possible.

The order is reversed and the record is remanded to the court below for further proceedings in accordance with this opinion; costs to abide the event.