## Approved Bancredit Corporation v. Moehlmann

*Robert C. Rowe*, for petitioner.
*Harry B. Roth*, for respondent.

GATES, P. J., March 21, 1967.—On November 1, 1965, the Prothonotary of Lebanon County entered judgment in favor of plaintiff and against defendant in the amount of $19,110 on a "Pennsylvania Judgment Note", the full content of which is attached hereto and marked appendix A.

On October 11, 1966, counsel for defendant filed his appearance praecipe and a petition to strike off the judgment averring, inter alia, that entry of judgment by the prothonotary was unauthorized in the absence of an affidavit that there was a default in the payment of the obligation.

On October 31, 1966, an assignment of the judgment from Bancredit to Albee was filed, and an answer to the petition to strike, together with "new matter", was also filed with the prothonotary.

On December 6, 1966, the matter was listed for argument at the December 27, 1966, argument court.

On December 9, 1966, defendants filed a reply to the new matter.

On December 15, 1966, counsel for defendant filed his appearance praecipe and brief of argument.

On December 21, 1966, plaintiff filed his brief, and the matter was subsequently argued at the December argument court.

Both of counsel, in their briefs and at argument, submit that the determinative issue is whether the

judgment should be striken for the reason that plaintiff failed to aver that there was a default in payment of the note prior to the entry of judgment.

The authority for the prothonotary to enter judgment by confession based on the authorization appearing in a promissory note is conferred by the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, as last amended by the Act of June 10, 1957, P. L. 281, sec. 1, 12 PS §739. The act reads in part as follows:

"It shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar ($1.00), to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing, on which the judgment may be founded, which shall have the same force and effect, as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiff's attorney, when judgment is entered on any instrument of writing as aforesaid".

This legislation, being in derogation of the common law, must be strictly construed: Solazo v. Boyle, 365 Pa. 586; Sterling Electrical & Furniture Company v. Mitchell, 179 Pa. Superior Ct. 517.

It has, further, been well established to be the general rule that judgment can be entered by the pro-

thonotary only for the amount which, from the face of the instrument, may appear to be due. If the amount due is not stated in the instrument and if it cannot be ascertained by calculation from information which the instrument itself furnishes, the prothonotary has no power or duty under the Act of 1806, as last amended, to enter judgment: Noonan, Inc. v. Hoff, 350 Pa. 295; R. Krevolin & Co., Inc. v. Tharp, 178 Pa. Superior Ct. 236; Kros v. Bacall Textile Corporation, 386 Pa. 360.

A careful perusal of the judgment note set forth in full in appendix A clearly indicates to us that the prothonotary was powerless to enter judgment by confession, because the amount due is not clearly stated thereon.

The note itself is to be distinguished from a demand note, and is, in fact, an installment note for $19,110, payable in 59 consecutive monthly installments of $147 each commencing on the fifth day of October, 1965, and continuing on the same day of each month until the expiration of 60 months, at which time the entire unpaid balance becomes due. Following a statement of the amount due and how it is to be repaid are two default conditions.

The first default condition permits the holder to claim, in addition to the principal sum, a late charge calculated at the rate of five cents for each dollar of any monthly installment which is not paid on or before 10 days following the due date.

The second default condition permits the holder to declare the entire amount remaining unpaid to become due and payable at once without notice.

The confession clause permits the prothonotary to appear and "confess judgment against any or all of the undersigned in favor of the payee and/or any holder of this note, for the above sum, together with costs of suit and attorney's commission of fifteen per cent. . ."

It is clear, therefore, that without more, the prothonotary is unable from the instrument itself to determine in what amount to enter the judgment. The expression "for the above sum" is equivocal. The above sum could mean two or more different amounts.

If "above" refers to the paragraph immediately preceding the confession clause, then the entire remaining unpaid balance would be the "above sum" if there had been a default. From the instrument itself, it cannot be determined if there was a default or what is the entire amount remaining unpaid. The first installment of $147 was due on October 5, 1965. The note itself was not entered until nearly a month later. Certainly, the prothonotary cannot assume that there was a default on the first payment and, therefore, the entire amount due may well be one installment less than the full amount of the note.

On the other hand, the expression "above sum" might well be construed to mean the sum of money calculated under the terms and conditions of the second preceding paragraph. Again, however, this amount is conditioned upon default and is optional on the part of the holder. From the instrument itself, the prothonotary would have no way of knowing whether or not there was a default or the option was exercised by the holder and, therefore, he is unable to calculate the amount due from the face of the instrument.

Finally, the "above sum" might well refer to the principal face amount of the note. But, from the instrument itself, it is also an illusive amount depending upon when it is presented to the prothonotary for entry. If, as here, it is entered at a date subsequent to the date of the first installment, the amount of the judgment is dependent on the number of payments made or, more properly, the number of payments in default.

Thus, in the absence of an averment of default, the

prothonotary is powerless under the Act of 1806 to confess judgment on this instrument in the amount entered of record. A judgment which is defective on its face may be stricken: Kros v. Bacall, supra. This judgment, therefore, must be stricken.

Therefore, after due and careful consideration, we will make the following

ORDER

And now, to wit, March 21, 1967, upon consideration of the petition and after argument, the prayer of the petitioner is granted, and the judgment in the amount of $19,110 entered by the prothonotary is hereby stricken.