J-A28005-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| CYNTHIA ANGEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOMESTEAD CABINET AND DISPLAY | : | No. 459 WDA 2020 |
| CO., INC. | : | |

Appeal from the Order Entered March 10, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-16-010448

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                    FILED JANUARY 08, 2021

Appellant, Cynthia Angel, appeals from the March 10, 2020 order striking a confessed judgment entered in favor of Homestead Cabinet and Display Co., Inc. (hereinafter, "Homestead").  We reverse and remand for further proceedings consistent with this memorandum.

The facts and procedural history of this case are as follows.  On January 11, 2005, Homestead executed a promissory note ("Note") in favor of Appellant for the total of the sum of loans listed and outstanding on an attached document, titled Schedule "A."  On its first page, Schedule "A" lists the following outstanding loans as extended by Appellant to Homestead:

| Dated | Amount | Description | Interest Rate |
|---|---|---|---|
| 9/11[/03] | Mx. [$]500.00 | Out of Pocket | [0%] Applicable Rate |

| 9/11[/03] | Variable | Working Capital | [0%] Applicable Rate |
| 9/11[/03] | Mx. [$] 1000.00 | Credit Carts | [*%] Applicable Rates Per Annum |
| 9/11[/03] | Variable | Credit Lines | [*%] Applicable Rates Per Annum |

Appellant's Complaint in Confession of Judgment, 6/10/16, at Exhibit A. On its second page, Schedule "A" lists only the following loan extended by Appellant.

| Dated | Amount | Description | Interest Rate |
| --- | --- | --- | --- |
| 12/10[/04] | $30,000.00 | Loan Amount | [0%] Applicable Rate |

Id. The Note also contained a confession of judgment clause, which provided, in pertinent part, as follows:

> [Homestead] hereby authorizes and empowers any attorney of any court of record within the United States of America to appear for, and confess judgment against [Homestead,] at any time or times and as of any term, with or without default, for principal sum above mentioned or any less amount equaling the unpaid balance of the principal debt; with or without declaration, with costs of suit, without stay of execution, and with an attorney commission of five percent [] of the principal indebtedness but in no event less than the sum of [$150.00].

Id.

On June 10, 2016, Appellant filed a complaint in confession of judgment in the Court of Common Pleas of Allegheny County. In her complaint, Appellant alleged that, "as of May 4, 2016, the amount due from [Homestead]

- 2 -

under the Note for which judgment is authorized in the [w]arrant of [a]ttorney is $154,351.05[,]" plus costs of suit and accruing interest, computed as follows:

| Principal Indebtedness Under Note | $147,001.01 |
|---|---|
| Attorneys Commission[] | $7,350.00 |
| Total | $154,351.05 |

Id. at 2. Thereafter, judgment was confessed against Homestead for the aforementioned amount. Nearly three years later, on April 30, 2019, Appellant filed a praecipe for writ of execution for payment in the amount of $188,915.01.[1] Homestead then filed separate petitions to open and strike the judgment.

On March 10, 2020, the trial court convened a hearing on Homestead's petitions.[2] During the hearing, Homestead's counsel argued that Appellant's

_____

[1] The praecipe for writ of execution also included $26,641.41 in interest and $7,922.55 in attorney's fees. See Appellant's Praecipe for Writ of Execution, 4/30/19, at 1.

[2] We note that, during the hearing, Appellant addressed the promptness of Homestead's petitions. See N.T. Hearing, 3/10/20, at 23-25. In so doing, Appellant argued that Homestead's petitions were not prompt because they were filed nearly three years after Appellant filed the complaint in confession of judgment. This period, however, is irrelevant. As we have stated, a petition to open or strike judgment must be filed 30 days after a party is served with a written notice of execution pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c). See Pa.R.C.P. 2959(a)(3); see also Magee v. J.G. Wentworth & Company, Inc., 761 A.2d 159, 161 (Pa. Super. 2000) (holding that the trial court "erroneously tied the promptness requirement of Rule 2959 to the judgment notice instead of to the execution notice"). Herein, Appellant filed a praecipe for writ of execution on April 30, 2019. Homestead filed its

complaint in confession of judgment failed to comply with Pa.R.C.P. 2952(a)(7) (explaining that a complaint in confession of judgment must include an "itemized computation of the amount then due") and, as such, the complaint was defective on its face. Specifically, Homestead's counsel stated:

> [Homestead's counsel]: As you will look at the [Note], you will see that at the very top, there is no amount stated. There was not a dollar amount [o]n the face of the [N]ote. There is language that states a promise to pay the total of sums listed and outstanding on Schedule A within 30 days of [a] demand.
>
> So this [N]ote . . . does not make any reference to any specific dollar amounts. It makes reference to schedules that are to be attached to the [N]ote, as exhibits as part of the [N]ote, as loans are made by [Appellant] to [Homestead].
>
> * * *
>
> So there [has] not been any dollar amounts stated on the face of the [N]ote. I call your attention to Schedule A attached. The first Schedule A also does not state any specific dollar amounts. It states four categories of purposes for which loans may or may not have been made, but there are no dollar amounts set forth in the first Schedule A.
>
> To the contrary, if you look at the second Schedule A, you will see that it very specifically states a dollar amount, $30,000[.00].
>
> So what you have before you, [j]udge, is a [N]ote . . . with two exhibits attached. Only one of them defines with specificity a dollar amount, and that is $30,000[.00].

_____

petitions to open and/or strike the judgment on June 4, 2019. Although Homestead filed its petitions 35 days after Appellant filed her praecipe for writ of execution, upon review of the certified record, there is no indication that Appellant served Homestead with notice of execution in accordance with Pa.R.C.P. 2956.1. As such, "the timeliness clock has not yet begun to run against [Homestead,]" and we conclude that the petitions were timely filed. Magee, 761 A.2d at 161.

The complaint in confession of judgment asked for $147,001[.00], as the principal amount that is claimed to be due and owing under this [N]ote.

The Rules of Civil Procedure regarding filing complaints in confession of judgment are very clear. The rule regarding the contents of the complaint, which is Rule 2952, sets forth ten criteria that must be included in the complaint to withstand a challenge or to be stricken.

[Rule 2952](a)(7) provides that the complaint must contain an itemized computation of the amount then due[,] based upon matters outside the instrument, if necessary.

\* \* \*

... . [I]n this case, there is absolutely no relationship. There is no way that one looking at the [N]ote and [Schedule A] can come to the conclusion that there was an amount of $147,000[.00] due and owing as set forth in the complaint.

So based upon the lack of itemization and the fact that the [N]ote itself is irregular, facially defective, irregular, because it only references a $30,000[.00] loan with specificity, it is our contention that the complaint [is] defective on its face and warrants being stricken.

N.T. Hearing, 3/10/20, at 3-6.

Following argument, the trial court struck the judgment entered by confession. The court stated:

I [am] prepared to rule. I [am] going to strike the judgment based on the arguments here today, and to state the reason on the record, that the pleadings, the [N]ote and the exhibits attached thereto do not set forth a sum certain that can be confessed; therefore, the motion to strike filed by [Homestead] is appropriate, and I will enter such an [o]rder.

Id. at 35.

Thereafter, Appellant filed a timely appeal to this Court.[3]  On April 30, 2020, this Court issued a rule to show cause why this appeal should not be quashed because, pursuant to the Note accompanying Pa.R.A.P. 311(a)(1), an order striking or opening a judgment is generally not immediately appealable as of right.  See Pa.R.A.P. 311(a)(1), Note.  Appellant filed a timely response and argued that, since the effect of the order striking judgment was to end all litigation and remove the judgment lien of the confessed judgment, this Court possessed jurisdiction over the instant appeal.  Appellant's Response to Rule to Show Cause Order, 5/12/20, at *1-2 (un-paginated).  On May 20, 2020, this Court discharged the rule to show cause by per curiam order and permitted the appeal to continue with the proviso that the ruling was not a binding, final determination and that the panel assigned to address the merits of the appeal could further address the issue.

Hence, before we consider the merits of Appellant's claims, we first determine whether this appeal is properly before us.  As this Court previously explained:

> [P]ursuant to Pa.R.A.P. 311(a)(1), an order refusing to strike a judgment is an interlocutory order from which an appeal as of right may be taken.  Such an order anticipates no further litigation in the lower court.  However, where an order is issued that grants a motion to strike a judgment, such an order is generally not appealable, i.e., it is not an interlocutory order from which an

---

[3] Appellant filed her notice of appeal on April 3, 2020.  On April 15, 2020, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1).  Appellant timely complied.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 26, 2020.

appeal as of right may lie. Such an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment. … [However, when an] order striking the judgment ends the litigation as to all parties and all claims[,] such an order is a final order as defined in Pa.R.A.P. 341(b) and an appeal may be taken as of right. See Pa.R.A.P. 341(a). See also [Riley v. Farmers Fire Ins. Co., 735 A.2d 124, 127 n.3 (Pa. Super. 1999)] (concluding that appeal from order striking judgment entered in an appraisal proceeding was final and appealable otherwise right to appeal would have been foreclosed and would have compelled the bringing of another suit).

United Parcel Serv. v. Hohider, 954 A.2d 13, 16 (Pa. Super. 2008).

In this case, the trial court granted Homestead's petition to strike the judgment in its March 10, 2020 order. Notably the order did not contemplate or direct any further proceedings. As such, the court's order constituted a final order and is appealable as of right. See id.; see also Wilson v. Travelers Cas. and Sur. Co., 88 A.3d 237, 245 n. 10 (Pa. Commw. 2013) (explaining that the trial court's order striking judgment constituted a final, appealable order, because the "[c]laimant had no recourse . . . other than to appeal the legality of [the court's] ruling"); compare PennEnergy Resources, LLC v. Winfield Resources, LLC, 2020 WL 3485728, * 2 (Pa. Super. June 26, 2020) (unpublished memorandum) (holding that, because the trial court's order striking PennEnergy's petition to vacate the arbitration order also directed PennEnergy to "file an amended petition to vacate [the] arbitration award," it was not a final order that "dispose[d] of all [the] claims and of all parties") (citation omitted). Having determined that this Court

possesses appellate jurisdiction over the instant appeal, we now turn to the merits of Appellant's claims.

Appellant raises the following issue on appeal:[4]

[Whether the trial court abused its discretion by granting Homestead's petition to strike judgment?]

See generally Appellant's Brief at 8.

We review a trial court's ruling on a petition to strike or open a confessed judgment for an abuse of discretion or error of law. See, e.g., Ferrick v. Bianchini, 69 A.3d 642, 647 (Pa. Super. 2013). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." Neducsin v. Caplan, 121 A.3d 498, 506 (Pa. Super. 2015).

As this Court previously explained,

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." Resolution Trust Corp. v. Copley Qu–Wayne Associates, 683 A.2d 269, 273 ([Pa.] 1996).

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. … An order

_____

[4] We have edited Appellant's multiple issues for clarity and ease of discussion. See Appellant's Brief at 5.

- 8 -

> of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> Hazer v. Zabala, 26 A.3d 1166, 1169 (Pa. Super. 2011)[, quoting Resolution Trust Corp., supra[.] In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. ESB Bank v. McDade, 2 A.3d 1236, 1239 (Pa. Super. 2010). "[T]he record must be sufficient to sustain the judgment." Id. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits. Resolution Trust Corp., supra [at 274].
>
> In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment," not to strike it. Id. at [273]. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable. Hazer, supra. A petition to open a confessed judgment is an appeal to the equitable powers of the court. PNC Bank v. Kerr, 802 A.2d 634, 638 (Pa. Super. 2002), appeal denied, 815 A.2d 634 ([Pa.] 2002). Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment, because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition. Resolution Trust Corp., supra at [275].

Midwest Fin. Acceptance Corp. v. Lopez, 78 A.3d 614, 622–623 (Pa. Super. 2013) (parallel citations omitted).

Herein, Appellant argues that the trial court abused its discretion in striking off judgment because the complaint in confession of judgment was not fatally defective. Specifically, Appellant claims that, by itemizing the principal indebtedness, attorney's fees, and the total, she complied with Pa.R.C.P. 2952(a)(7)'s requirements. We agree.

Rule 2952(a)(7) of the Pennsylvania Rules of Civil Procedure sets forth the requirements for the itemization of the amounts due in a complaint to confess judgment. It states that a complaint must contain

> an itemized computation of the amount then due, based on the matters outside the instrument if necessary, which may include interest and attorneys' fees authorized by the instrument.

Pa.R.C.P. 2952(a)(7). In Davis v. Woxall Hotel, Inc., 577 A.2d 636 (Pa. Super. 1990), this Court held that "the itemization contemplated by Rule [2952(a)(7)] permits the listing of the principle amount due . . . in one lump sum." Id. at 638. Thus, subsequent courts interpreting this rule permit a confessing party to "put forth an 'itemized computation' only of the aggregate amount owed, meaning the categories and subtotals that make up [the total] amount." Republic First Bank v. Jemal, 2011 WL 4087564, *6 (E.D. Pa. Sept. 13, 2011); see also Live Oak Banking Company v. Applebrook, LLC, 2019 WL 1596904, *7 (Pa. Super. 2019) (unpublished memorandum) (holding that the itemization of the principal, interest, late fees, and attorney's fees complied with the requirements of Rule 2952(a)(7)); Ogontz Property Holdings, LLC v. Landau, 2018 WL 2188947, *8 (Pa. Super. May 18, 2018) (unpublished memorandum) (holding that Rule 2952(a)(7) "simply does not direct that a plaintiff illustrate the underlying computation of the fees, i.e., show its work" and, as such, the confessing party's itemization of the principal amount, the late charge, and attorney's fees, satisfied the requirements of Rule 2952(a)(7)).

Herein, the trial court held that the complaint in confession of judgment was "defective on its face because the principal amount set forth in the complaint [was] not adequately itemized." Trial Court Opinion, 6/26/20, at 5. By its terms, however, Davis, supra, held that a confessing party need not itemize a principal indebtedness and, instead, need only aver default and allege the amount due. Id. at 638. As indicated above, Appellant, in her complaint confessing judgment, averred that Homestead defaulted and itemized the amount to be confessed as follows:

| | |
|---|---|
| Principal Indebtedness Under Note | $147,001.01 |
| Attorneys Commission[] | $7,350.00 |
| Total | $154,351.05 |

Appellant's Complaint in Confession of Judgment, 6/10/16, at 2. Accordingly, Appellant complied with Pa.R.C.P. 2952(a)(7) and the trial court abused its discretion in concluding otherwise.

Upon review of the transcripts from the hearing convened on March 10, 2020, however, it is apparent that, while the trial court stated in its Rule 1925(a) opinion that it struck judgment because Appellant's complaint failed to sufficiently itemize the principal amount, the trial court's chief concern was that "the pleadings, the [N]ote, and the exhibits attached thereto d[id] not set forth a sum certain that [could] be confessed." Trial Court Opinion, 6/26/20, at 5; see also N.T. Hearing, 3/10/20, at 35. In other words, because the Note upon which judgment was confessed did not set forth a specific loan amount and, instead, simply identified loan categories together

with certain loan amounts, none of which totaled the principal indebtedness reflected in Appellant's complaint, the court simply did not know the basis and could not derive the basis for the principal amount averred in the complaint. As such, the court apparently granted Homestead's petition to strike because it concluded that the judgment entered "included recovery for items not permitted in the [Note] authorizing confession of judgment." J.F. Realty Co. v. Yerkes, 398 A.2d 215, 217 (Pa. Super. 1979).

Notably, our Supreme Court, in Kros v. Bacall Textile Corp., 126 A.2d 421 (Pa. 1956) addressed a situation similar to the present case. In Kros, the parties entered into a lease agreement for a lot and building in Hatfield Township, Montgomery County, Pennsylvania. The Kros Court summarized the relevant portions of the lease agreement as follows:

> The lease provided that 'Lessee agrees to pay as rent in addition to the minimum rental herein reserved any and all sums which may become due by reason of the failure of Lessee to comply with all of the covenants of this lease and any and all damages, costs and expenses which the Lessor may suffer or incur by reason of any default of the Lessee or failure on his part to comply with the covenants of this lease, and each of them, and also any and all damages to the demised premises caused by any act or neglect of the Lessee.' Another provision was that 'Lessee covenants and agrees that he will without demand * * * [u]se every reasonable precaution against fire.' And still another provision that 'In the event that the demised premises is totally destroyed or so damaged by fire or other casualty not occurring through fault or negligence of the Lessee or those employed by or acting for him, that the same cannot be repaired or restored within a reasonable time, this lease shall absolutely cease and determine, and the rent shall abate for the balance of the term.' It was further provided that 'If rent and/or charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid Lessee hereby empowers any [p]rothonotary or attorney of any [c]ourt of

- 12 -

[r]ecord to appear for Lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and/or to sign for Lessee an agreement for entering in any competent [c]ourt an amicable action or actions for the recovery of rent or other charges or expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part of the rent specified in this lease and then unpaid including, at Lessor's option, the rent for the entire unexpired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney's commission at 5%.'

Id. at 422–423. Subsequently, the premises was destroyed by a fire and Kros caused judgment to be confessed against the Bacall Textile Corporation (hereinafter, the "Corporation"). Importantly,

[t]he affidavit on which the judgment was based averred that the fire was caused by the act, fault, or neglect of [the Corporation] or those acting for it, and thereby [Kros] had suffered damages and costs to the extent of $60,000[.00], and that[,] in further violation of the terms of the lease[, the Corporation] had failed to pay the rentals due from December 1, 1955, for the unexpired balance of the term.

Id. at 423. Ultimately, judgment was entered for $60,000.00 in damages, $3,240.00 in rent, $732.51 in interest, and $3,162.00 in attorney's fees: totaling $67,134.51. Id. Thereafter, the Corporation filed a petition to open judgment, in which it denied causing the fire that destroyed the premises. Id. The trial court, however, entered an order striking off the judgment, even though the Corporation "had not requested such relief." Id.

Kros appealed and our Supreme Court subsequently reversed the trial court's order. In so doing, the Court specifically explained that, the only

"present question" it needed to answer in determining whether to strike off judgment was "whether [Kros] had the right to enter the judgment by confession under the warrant of attorney contained in the lease." Id. at 423-424. The Court noted that

> the lease provided that any and all sums which might become due by reason of the failure of the lessee to comply with all of the covenants of the lease and any and all damages, costs and expenses which the lessor might suffer or incur by reason of any default of the lessee or failure on its part to comply with the covenants of the lease, and also any and all damages to the demised premises caused by any act or neglect of the lessee, were to be paid as additional rent.

Id. at 424 (emphasis omitted).

The Kros Court then concluded that the trial court erred in striking off the judgment because Kros "averred that [the Corporation] caused the fire which destroyed the premises" and because an "explicit provision in the lease made the damages suffered by [Kros] payable as additional rent for the premises." Id. at 424-425. Per the Court, this "brought the confession of judgment for such damages under the express terms of the warrant of attorney." Id. at 425. The mere fact that the amount of damages was not specifically provided for in the lease or warrant of attorney was of no consequence. Instead, the Court advised that, if the "damages were overstated," the proper remedy was to "open the judgment, not to strike it off." Id.

Herein, the Note authorized Appellant to confess judgment to recover the total of the sum of the loans listed on Schedule "A." As indicated above,

- 14 -

Schedule "A" lists five different loans: three of the loans have maximum totals, while two loans are listed as having "variable" amounts. Thus, the Note authorized Appellant to confess judgment for $31,500.00 (the total of the three loans that set forth maximum amounts) plus the total of the loans with "variable" amounts. While Appellant alleged that the total amount for the loans listed on Schedule "A" was $147,001.01, the trial court apparently questioned the "truth of [this] factual averment." Midwest Fin. Acceptance Corp., 78 A.3d at 623. As such, the proper remedy was to "open the judgment, not strike it off." Kros, 126 A.2d at 425; see also Resolution Tr. Corp., 683 A.2d at 273 ("[I]f the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike"). Accordingly, we conclude that the trial court abused its discretion in striking off the judgment. We therefore reverse the trial court's order and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2021

- 15 -