# Heeren, Appellant, v. Remington.

*Landlord and tenant—Lease—Warrant to confess judgment—Default—Acceleration of rent.*

A provision in a lease that the rental for the whole term may be accelerated and become immediately due upon default in the payment of any of the installments is enforceable; and if such a lease contains a warrant of attorney to confess judgment upon a default in any of the covenants of the lease, judgment may be entered for the whole amount of the accelerated rent; but if the lessor enters judgment merely for an installment or installments on which default had been made, and such judgment has been paid, he has exhausted his warrant and cannot thereafter enter judgment under the warrant for a subsequent unpaid installment.

Argued April 20, 1911. Appeal, No. 136, April T., 1911, by plaintiff, from order of C. P. No. 4, Allegheny Co., First Term, 1911, No. 262, setting aside judgment in case of Otto Heeren et al. v. E. P. Remington. Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to set aside judgment. Before COHEN, J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court setting aside the judgment.

*John C. Bane*, for appellants.

*Joseph C. Bily*, with him *William M. Hall*, for appellee.

PER CURIAM, July 13, 1911:
By the terms of the lease from the plaintiffs to the defendant, the rent of $20,000 for the entire term of five years was payable in quarterly installments of $1,000 each, and in case of default in payment of any installment the whole of the unpaid rent for the entire term became due

and payable. "That such a provision in a lease is enforced has been often decided. A tenant may agree, when entering into a lease, that the maturity of rent may be accelerated; the parties may agree that the whole rent for the term may be payable in advance or that it shall become payable at once on default of payment periodically, in accordance with the terms of the contract, or that it may become due if the tenant remove or attempts to remove from the premises before the end of the term, without having paid the rent for the term. On the happening of the contingency provided for, the rent that was theretofore payable by installments becomes immediately due as provided in the lease:" Brumbaugh v. Feldman, ante, p. 10. The lease also contained a warrant of attorney for confession of judgment in these words: "And in case of violation of any of the covenants and agreements hereinbefore made by said lessee, then the said lessee hereby authorizes and empowers any attorney to appear in the court of common pleas of any county and confess a judgment against him and issue fieri facias for the amount due according to the terms of this lease, with costs of suit or suits, and ten per cent attorney's commission, without leave of court." The defendant being in default for two quarters' rent, judgment was confessed against him for $2,218.99, which he paid. Having made default in payment of a subsequent installment, a judgment was entered against him for its amount, which, after hearing upon petition and answer, no facts being in dispute, the court set aside upon the ground that the power to confess judgment was exhausted by the first confession. It was from this order that the present appeal was taken.

The learned counsel for the appellants concedes that, where the debt is single, and where the instrument contains a warrant of attorney to confess judgment, either in the amount of the actual indebtedness or for a conditional or penal sum, the rule undoubtedly is that one exercise of the power exhausts it. But he contends that this case is distinguishable from the numerous cases in which this

general rule has been applied, by the fact that the obligation of the defendant to pay the installments of rent arose only at the time when, by the covenants of the lease, they respectively became payable, and therefore, he argues, the warrant was intended to give the plaintiffs a continuing remedy for the collection of the rent, to be resorted to when and as often as the defendant should make default in payment of any of the installments. A construction whereby the power to "confess a judgment" is expanded so as to authorize confession of as many judgments as there should be defaults in payment of installments, would be of doubtful validity even under the appellant's contention as to the defendant's obligation. But whatever plausibility there might otherwise be in such a construction wholly disappears when it is remembered that, upon default in payment of any installment, the unpaid rent for the entire term became due and payable at once. As was said in Goodwin v. Sharkey, 80 Pa. 149, the whole rent for the entire term might have been payable in advance, and there exists no reason why it might not be payable at any time during the running of the lease, upon the happening of any contingency. It is thus seen that the words of the warrant would be satisfied by a confession for the unpaid rent of the entire term when the first default occurred. And, this being so, there is no occasion or excuse, in order to make the landlord's remedy effective, for straining them beyond their natural meaning so as to authorize successive confessions as successive defaults should occur. We find nothing to take the case out of the general rule that a warrant of attorney to confess a judgment is exhausted by the entry of the first judgment. It follows that the second judgment entered by virtue of the warrant was irregular and unauthorized, and the court was right in setting it aside: Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, s. c., 208 Pa. 645, and cases there cited; Osterhout v. Briggs, 37 Pa. Superior Ct. 169; Com. v. Massi, 225 Pa. 548.

The order is affirmed and the appeal dismissed at the costs of the appellants.