# Kahn, Appellant, *v.* Harlan.

*Judgment—Confessed judgment—Striking off.*

A judgment regularly entered by confession under a warrant contained in a lease "for the amount remaining due and unpaid under the said lease," will not be stricken off as irregular and void where the warrant authorizes any attorney "to appear for and confess judgment against the lessees for the amount" due and unpaid under the terms of the lease, and there are no grounds alleged for striking off the judgment, other than that the warrant did not authorize the confession of a judgment for any specific sum, that it did not affirmatively appear either by an affidavit filed by the plaintiff or otherwise that there had been any default on the part of the lessee, or how much money, if any, was due and owing by reason of such default.

Submitted Oct. 10, 1913. Appeal, No. 175, Oct. T., 1912, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1911, No. 1,917, making absolute rule to strike off judgment in case of Harry C. Kahn v. Cora S,

Harlan et al.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Reversed.

Rule to strike off judgment.

The judgment entered was as follows:

"I hereby appear for Cora S. Harlan, Adam S. Conway, Rena E. Pyewell and Jacob Pyewell, defendants in the above case, and confess judgment against them in accordance with the terms of a certain lease and warrant of attorney, copy of which is hereunto attached, for the amount remaining due and unpaid under the said lease, together with interest thereon and ten per cent added for collecting fees, as follows:

| | |
|---|---:|
| Amount due and unpaid under lease...... | $564.33 |
| Interest................................ | 44.48 |
| 10% collecting fee..................... | 60.88 |
| | $669.69 |

"(Signed) Thomas Nardello,
"Attorney for
"Cora S. Harlan,
"Adam S. Conway,
"Rena E. Pyewell,
"Jacob Pyewell.
3/25/11

"To Prothonotary, C. P.
"Philadelphia County."

The clause in the lease containing the warrant to confess judgment was as follows:

"(And it is further agreed, that whenever under the terms of this agreement any sum owing under this agreement is due and unpaid, the lessee hereby authorizes and empowers any attorney of any court of record in Pennsylvania or elsewhere to appear for and to confess judgment against the lessee for the amount so due and unpaid, with interest thereon, costs of suit and with ten per cent. added for collecting fees and with release of

.errors; and the lessee hereby waives and releases all relief from any and all appraisement, stay or exemption laws of any state in force or hereafter to be passed.)"

*Error assigned* was order making absolute rule to strike off judgment.

*William A. Gray,* for appellant.—The judgment was regular: Tanner v. Hopkins, 12 W. N. C. 238; Betz v. Valer, 15 Phila. 324; Cyphert v. McClune, 22 Pa. 195; Miller v. Preston, 154 Pa. 63; Evans v. Meylert, 19 Pa. 402; Danville, etc., R. R. Co. v. Rhodes, 180 Pa. 157.

*John R. K. Scott, William T. Connor* and *Adolph T. Kohn,* for appellee, cited: Toledo Computing Scale Co. v. Manfred, 20 Pa. Dist. Repr. 69; Stanburg v. Manross, 19 Pa. Dist. Repr. 849; Guernsey v. Holshue, 3 Lackawanna Leg. News. 330.

OPINION BY HEAD, J., February 20, 1914:

The plaintiff appeals from an order of the learned court below making absolute a rule to strike from the record a judgment in his favor. Our case then lies within a narrow compass. Does the record exhibit any such fatal defect or irregularity as to render the judgment which was stricken off a void and useless thing?

The docket entries seem to show that to No. 1917 of March Term, 1911, of court of common pleas No. 5, a suit was entered by the plaintiff against the several defendants named. They do not disclose the nature of the action nor the fact that any writ issued. On March 25 all of the defendants appeared by counsel, who filed an agreement in writing signed by all of them, by the terms of which they became the bailees for hire of a considerable amount of personal property belonging to the plaintiff. It provided for the payment of a certain sum in hand and for the balance in monthly installments of $40.00 each. It

contained, among other clauses, the following: "And it is further agreed that whenever, under the terms of this agreement, any sum owing under this agreement is due and unpaid, the lessees hereby authorize and empower any attorney of any court of record in Pennsylvania to appear for and confess judgment against the lessees for the amount so due and unpaid, with interest thereon, costs of suit, &c., with release of errors, waiving stay of execution, etc." Under the authority of this warrant the attorney at law, who appeared for the defendants, signed for them a confession of judgment in favor of the plaintiff "for the amount remaining due and unpaid under the said lease, together with interest thereon," etc., liquidated the amount due, the interest thereon, and the fees and costs provided for. A fi. fa. thereon issued in March, 1911, on which a portion of the money was made, and in January, 1912, an alias fi. fa. issued. Shortly thereafter a rule was granted to show cause why the judgment should not be stricken off, and the learned court below made this rule absolute without filing any opinion.

Although the petition for the rule alleged a number of reasons why the judgment was irregular and void, they may be summed up in the allegation that the warrant of attorney did not authorize the confession of a judgment for any specific sum, and it did not affirmatively appear on the face of the record, either by an affidavit filed by the plaintiff or otherwise, that there had been any default on the part of the lessees, or how much money, if any, was due and owing by reason of such default. It will be observed the judgment complained of did not result from the inadvertent or improvident act of a court which had no jurisdiction of the parties or subject-matter. It did not follow from any act of the plaintiff. It was not the fruit of any futile or unwarranted effort by the prothonotary to exercise the functions conferred on such officer by sec. 28 of the act of February 24, 1806, P. L. 270. It was purely and solely the act of the defendants themselves. It cannot be argued

that if they had personally signed the confession of judgment, they would afterwards be in a position to question the regularity of such judgment and ask to have it stricken from the record. What they could thus do in person, they could authorize an attorney at law to do for them. It was for that purpose they executed the warrant under which he acted. They do not even suggest that the warrant was ever revoked or cancelled. They do not hint at the existence of any ground which would move the conscience of a chancellor to open the judgment. They do not deny that they were in default nor aver that there was any abuse of their warrant in the fact that judgment was confessed for more than was actually due and owing. They were familiar with the terms of the lease. They knew how many installments had been paid and how many they had failed to pay.

The judgment then was confessed by an attorney at law, who filed his warrant from which it appeared that he was acting at least within the apparent scope of the authority conferred on him for that purpose. There are many cases in which it is declared that the law raises no presumptions against the regularity or propriety of such an act performed by one who is not only the authorized representative of the parties but an officer of the court as well. Where judgments are thus entered by warrant of attorney, courts are vigilant to see that the parties affected by them suffer no wrong as the result either of the mistake, negligence, or design of the court's own officer and in all proper cases exercise with liberality their power to open such judgments.

The warrant of attorney did not prescribe that its execution should be conditioned on the filing of an ex parte affidavit by the plaintiff setting forth in detail the time and manner of default and the resulting damages. No statute or rule of court brought to our attention writes into this warrant such a condition. It would seem unreasonable to hold that the warrant could become effective only after it had been judicially deter-

mined that there was a default and a like ascertainment of the resultant damages. In such case the warrant would be entirely useless because an adverse judgment would, under such circumstances, promptly follow.

As we view the case, therefore, there was no such patent defect or irregularity exhibited by the record as to render the confessed judgment absolutely void and justify the action of the learned court in striking it from the record.

The order making absolute the rule is reversed and set aside; the rule is reinstated and the record remitted to the court below, with direction to discharge said rule. The costs of this appeal to be paid by the appellees.