Advance-Rumely Thresher Co., Inc., Appellant, *v.* Frederick.

Argued March 12, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Andrew A. Leiser,* and with him *Andrew A. Leiser, Jr.,* and *Metzger & Wickersham,* for appellant.—When a judgment is entered by virtue of a warrant of attorney, no declaration is necessary: Rex v. Nelson, 15 Phila. Rep. 323; National Cash Register Co. v. Keystone Furniture Co., 3 D. & C. Rep. 24.

*Cloyd Steininger,* and with him *Cummings & Gubin,* for appellee, cited: Philadelphia v. Johnson, 23 Pa. Superior Ct. 591; Osterhout v. Briggs, 37 Pa. Superior Ct. 169.

Opinion by Trexler, P. J., April 18, 1930:
George B. Frederick, the defendant, entered into what is commonly called a bailment lease with the

plaintiff, dated February 15, 1929, under the provisions of which he was to receive a tractor and pay certain rentals for a period of twenty-one months, with the privilege of purchasing the machine for $1 at the expiration of the lease.     .

The lease contained the following clause: ''If lessee shall fail or refuse to receive the goods above described and to settle for the hire thereof at the time and in the manner aforesaid, then in that event, lessee, jointly and severally, empowers any attorney or any prothonotary of any court of record in Pennsylvania to appear for him and with or without declaration, confess judgment against him and them (if more than one) in such court for the sum of eight hundred seventy dollars, payable one day after date, with costs of suit and five per cent, collection fees, waiving stay of execution, right of appeal, errors, inquisition and exemption laws.''

On May 10, 1929, the plaintiff caused the judgment to be entered against the defendant by virtue of the above warrant of attorney.  There was no allegation of default accompanying the entry of judgment and the lower court, upon application, struck it off.  The action of the court forms the basis of the present appeal.  The matter does not require extended discussion.  There is an ''if'' in the above warrant which shows that there was a condition precedent to the entry of the judgment.

The case of Kolf v. Lieberman, 282 Pa. 479, to which the lower court refers is sufficient authority to sustain its action.  It is there held that where, as in this case, the authority to enter judgment is dependent upon some act or omission of the defendant, before a valid judgment can be entered there must be an averment of such default or delinquency.

The argument urged by the appellant that the warrant above set out contains a release of all errors does not avail in this connection, for that applies only

to errors in the proceedings. It does not affect the right of the defendant to question the lack of power to enter the judgment at all: Phila. v. Johnson, 23 Pa. Superior Ct. 591; s. c. 208 Pa. 645; Curry v. Bacharach Shops, 271 Pa. 364; Pittsburgh Terminal Coal Corp. v. Robt. Potts, 92 Pa. Superior Ct. 1, 13; Grakelow v. Kidder, 95 Pa. Superior Ct. 250, 258.

The judgment of the lower court is affirmed.