Baldwin et al., Appellants, *v.* American Motor Sales Co.

Argued September 28, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Elmer L. Evans,* with him *Clarence T. Bryan,* for appellants.—The judgment was properly entered in the amount of rent for the entire term of the lease contract: Heeren v. Remington, 47 Pa. Superior Ct. 438; O'Malley v. Pugliese, 272 Pa. 356; Shapiro v. Malarkey, 278 Pa. 78; Kirch v. Crawford, 61 Pa. Superior Ct. 288.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* with him *A. Grant Walker,* for appellee.—The lease does not contain an acceleration clause authorizing the entry of judgment for the full amount of rentals to become due in the future upon default in payment of the current month's rent: McClintock & Irvine Co. v. Explosive Co., 260 Pa. 191; Conneaut Lake Ice Co. v. Quigley, 225 Pa. 605; Kaufmann v. Liggett, 209 Pa. 87; Erhart v. Goodnough, 2 Erie Co. R. 146; Bank of Penna. v. Wise, 3 Watts 394.

A default in the payment of rent being a condition precedent to the entry of judgment, the record must show either in the form of an affidavit or signed statement the fact that such a default existed: Dikeman v. Butterfield, 135 Pa. 236; Penna. Ins. Co. v. Shanahan, 10 Pa. Superior Ct. 267.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

On February 16, 1927, plaintiffs leased to defendant a specified property for the term of ten years, at a rental "of $42,000, in payments of $350 monthly......payable on the first day of each and every month in advance."

Prior to May 28, 1932, $21,350 of rent had been paid by defendant, leaving due only the $350 which was payable in advance on the first day of that month. Because of this single default, plaintiffs filed a copy of the lease, and, by virtue of the power therein, caused a judgment to be entered against defendant for the $42,000 rental for the full ten-year term of the lease, together with

$2,100 as an attorney's commission for collection, but credited the $21,350 they had actually received. Two days later, defendant paid to plaintiffs the said $350 rent without, so far as appears, either party referring to the foregoing judgment, or defendant even knowing thereof. The next day, the court below, on defendant's petition, granted a rule to show cause why the judgment should not be stricken off, and this being later made absolute, plaintiffs prosecuted the present appeal. Happily, we are not obliged to aid appellants to injure themselves, as well as their tenant, by destroying the latter's credit, and, in times like these, probably its business also.

It is settled that a provision in a lease is valid, which clearly and unambiguously authorizes judgment to be entered for all the rent to accrue during the entire term of the 'letting, in case of a default in promptly paying any installment of rent: Heeren v. Remington, 47 Pa. Superior Ct. 437; Kirch v. Crawford, 61 Pa. Superior Ct. 288; Johns v. Winters, 251 Pa. 169. Hence, whether or not the court below was right, depends entirely on the construction of the relevant provisions of the lease. In determining this, it must be interpreted against appellants whenever its proper construction is involved in doubt, it having been drawn by or for them (Kaufmann v. Liggett, 209 Pa. 87) ; and the warrant of attorney, by virtue of which they entered the summary judgment, "should be strictly construed against the party in whose favor it is given:" William B. Rambo B. & L. Assn. v. Dragone, 305 Pa. 24, 26. Thus viewed, we find that the provisions relied on, and indeed the entire lease, are far from being clear and unambiguous; on the contrary, the instrument is complicated and so drawn as probably to mislead the tenant who signed it.

Only two paragraphs need be considered. In the first thereof, the lease provides that in case of certain happenings "during the continuance of this lease without [defendant] having first paid and satisfied [plaintiffs] in full for all rent which may become due and payable

during said term, then the whole rent for the term shall be taken to be due and payable as if by the terms of this lease the entire rent for the term were due and payable on the first day of the term in advance." This is a clear provision for accelerating the entire rent; but the contingencies leading up to the provision quoted have no applicability in the instant case.

The second of said paragraphs, which is the one upon which plaintiffs rely, provides that "On the failure of [defendant] to pay the installments of rent due or to keep all the covenants of this lease, or to remove from the premises at the termination of the same, then [defendant] hereby authorizes and empowers any attorney of any court of record in Pennsylvania to appear in said court and confess a judgment in an amicable action of ejectment for the premises above described,.....or at the option of [plaintiffs], judgment may be entered against [defendant] for the rent due and payable under the terms of this lease for the entire term thereof, and for that purpose the said party of the second part does hereby authorize and empower any attorney of any court of record in Pennsylvania or elsewhere to appear for him and confess and enter judgment for the total sum of said rent. ......"

It will be noticed from the first of those paragraphs, that when the parties intended to provide that the rent for the full ten years should become due, that intention was made absolutely clear by the provision that, upon the happening of the contingencies there provided against, "the whole rent for the term shall be taken to be due and payable as if by the terms of this lease the entire rent for the term were due and payable on the first day of the term in advance." No such language appears in the second paragraph, upon which plaintiffs rely to sustain their judgment, and hence, under the authorities cited, there is a presumption that this was not intended.

Keeping steadily in mind the rules of construction above stated, the same difficulties face plaintiffs if we limit our consideration to the second paragraph alone, though, it must be admitted, much can be said to sustain an opposite conclusion. It says that "on the failure of [defendant] to pay the *installments of rent due* [which, under Bank of Pennsylvania v. Wise, 3 Watts 394, 403, and Prentiss v. Kingsley, 10 Pa. 120, 123, means rent due and then payable] or to keep all the covenants of this lease, or to remove from the premises at the termination" of the lease, then "judgment may be entered against [defendant] for the *rent due and payable* [which of course is to be construed as referring to the previously stated 'installments of rent due'] under the terms of this lease for the entire term thereof." No one can imagine why, "at the termination of the lease," judgment should be authorized for $42,000 of rent for the ten-year term, which had wholly ended, instead of for the installments of rent actually due and unpaid at that time, and any proposed tenant reading the lease before signing it, would doubtless give it the latter construction. If it be suggested that this alternative clause, relating to the termination of the lease, applies only to the right to proceed by ejectment to recover possession of the premises, then it is answered that it is not so "nominated in the bond," and establishes, with absolute certainty, the ambiguous character of the whole provision under consideration, without which appellants would have nothing whatever upon which they could even build an argument.

It is clear, therefore, that a prospective tenant might well understand that provision to mean: "On the failure of the tenant to pay the installments of rent when due and payable, or to keep all the covenants of the lease, or to remove from the premises at the termination of the same, then the tenant hereby authorizes and empowers any attorney of any court of record in Pennsylvania to appear in said court and confess judgment in an ami-

cable action of ejectment for the premises above described......or at the option of plaintiff judgment may be entered against the tenant for the installments of rent due and payable under the terms of this lease at any time during the entire term thereof......" Certainly a tenant signing such a lease might so understand that language, and hence this ambiguity, created by or for plaintiffs, must be resolved against them.

If we were to construe this provision in the way for which appellants contend, the clause relied on would become one akin to a forfeiture, always abhorrent to the law, and unless expressed with clearness and certainty, not appearing here, will never be enforced: Wick v. Bredin, 189 Pa. 83.

What has been said results in sustaining the court below, except in a minor particular now to be stated. As there was $350 rent actually due at the time the judgment was entered, plaintiffs had a right to enter it. Their error was, as stated, in confessing it for too large a sum. It was only because of the later payment of the $350 that defendant was entitled to have the judgment stricken off. Hence, the order should have been to strike off the judgment on defendant paying the costs up to and including the date of its entry.

As thus modified, the order of the court below is affirmed.