## Holland Furnace Co. v. Hasso

*Kenneth W. Behrend*, for plaintiff.
*Edward J. McGinness*, for defendant.

ALPERN, J., January 10, 1956.—The matter before the court is a motion by defendant to strike a judgment against her, confessed on a warrant of attorney. The chief reason assigned as a basis for the motion is that the record does not show by any allegation or supporting affidavit that defendant defaulted in the payment of any sum due plaintiff for the space of 10 days after the same became due and payable. It is asserted that such an allegation or affidavit.is essential to support any confession of judgment.

In support of this claim, defendant cites the warrant of attorney in the contract which reads as follows:·

"It is expressly stipulated and agreed that, in case of default in payment of any sum on account of principal or interest herein agreed to be paid by Buyer,

for the space of ten days after same shall become due and payable, then any attorney of any court of record . . ."

The record does not show any allegation of default, nor does it show any affidavit of default on the part of defendant. The question here is whether or not this failure on the part of plaintiff is fatal to the confession of judgment under the warrant of the contract. Plaintiff admits that, if the language of the warrant read "after default", a confession of judgment would be incorrect in the absence of something on the record to show the existence of such default. Plaintiff urges that the instant case is different because the warrant which the court must construe reads: "In case of default." The use of this phrase, according to plaintiff, obviates the necessity to assert default before the entry of judgment.

Plaintiff claims that it finds support for its position in two early Superior Court cases. In Kahn v. Harlan, 55 Pa. Superior Ct. 568 (1914), it was held that an affidavit of default was not necessary in order that a landlord should be able to collect rent arrearages on warrant of attorney. In this case, the warrant did not use the phrase "in case of default" which plaintiff urges makes all the difference. In the Kahn case, the court decided that, inasmuch as the debtors admitted signing the warrant and did not deny that they were in default nor aver any misuse of the warrant, there was no such defect in the record such as to cause the court to strike the judgment. It should be noted that, contrary to the situation in the Kahn case, defendant in the case at bar *does* deny the validity of the warrant and *does* deny any default, for defendant denies the very validity of the entire contract.

In the case of Kirch v. Crawford, 61 Pa. Superior Ct. 288 (1915), also cited by plaintiff as supporting his proposition that an averment or affidavit of default

is or is not required according to the language of the warrant, the warrant provided for a confession of judgment in case of default. But the important point of the court's decision is this: There was on the record a statement of default which was not denied by the debtors. Thus, this case is of little aid to plaintiff, for it in nowise turns on the question of the language of the warrant but upon the fact that the record did show a default.

The latest pronouncements of the Superior and Supreme Courts of this State clearly indicate that the record must show on its face that there is a default. This court is of the opinion that the case at bar is governed by the decision of the Supreme Court in Kolf v. Lieberman, 282 Pa. 479, and Advance-Rumely T. Co. Inc. v. Frederick, 98 Pa. Superior Ct. 560.

In the Kolf case, defendant had executed a bond conditioned for the payment of two mortgages. The warrant authorized any attorney of record to enter judgment "after default". The appeal court reversed the lower court and ruled absolute to strike off the judgment because there had been no averment of default filed. On the face of the record, the court stated, there was nothing to show default. "In entering judgment under a warrant of attorney it is a well-settled rule that the authority given thereunder must be strictly followed or the judgment cannot be sustained. In the present case . . . the warrant authorized . . . judgment 'after default'. No averment of default was filed nor is there anything tending to indicate such delinquency": Page 482. The court went on to distinguish both the Kahn case and the Kirch case:

"The cases of Kahn v. Harlan, 55 Pa. Superior Ct. 568, and Kirch v. Crawford, 61 Pa. Superior Ct. 288, cited by plaintiff are distinguishable on the ground that in the first there was an appearance by an attor-

ney for defendant who, in the confession of judgment, set forth it was entered 'for the amount remaining due and unpaid under the lease,' giving the items, while in the second a statement was filed with the confession of judgment stating the amount due": Page 482.

The appellate court did not distinguish the cases by pointing out any difference between warrants where the words "after default" appear and those which employ the wording "in case of default". In fact, a search of the cases reveals no case where such a distinction urged on this court by plaintiff is discussed. The distinction made by the court in the Kolf case was that in both the Kahn and Kirch cases there had been some indication on the record of a default. There is nothing to indicate that in the case at bar; so neither the Kolf nor the Kirch case is of aid to plaintiff. The interpretation given to the Kolf holding by the Superior Court in Advance-Rumely Thresher Co., Inc., v. Frederick, 98 Pa. Superior Ct. 560, 562, is significant and represents the considered judgment of our appellate court:

"The case of Kolf v. Lieberman, 282 Pa. 479, to which the lower court refers is sufficient authority to sustain its action. It is there held that where, as in this case, the authority to enter judgment is dependent upon some act or omission of the defendant, before a valid judgment can be entered there must be an averment of such default or delinquency."

In the case at bar, the confession of judgment, according to the warrant in the contract, was dependent upon defendant being in default for a space of 10 days. Nothing in the record shows such default. The record is, therefore, insufficient to sustain the judgment.

One other reason advanced by petitioner for striking the judgment merits discussion. It is claimed that the spaces in the contract designed to be filled in with

the due date and payment dates, have not been filled in. It is true that such a deficiency would be enough to cause the judgment to be stricken if this court were convinced that the contract is one calling for a down-payment and regular payments thereafter. But this contract is one for cash. In two places in the financial statement block in the upper right hand corner of the contract, the cash price blank is filled in and the blank for net price is filled in also. No other blanks are filled in. Again, in the body of the contract where the financial arrangements are to be detailed, the parties have omitted all details except the cash price. It would seem clear that the parties, both of whom signed the contract, meant it to be one for a cash transaction, with the money payable, according to the warrant, no later than 10 days after the date of the contract, April 26, 1955. This being a cash transaction designed to cover a period from April 26, 1955, and no more than 10 days thereafter, there is no need for the time payment blanks in the contract to be filled out. Failure to fill these blanks is therefore no reason to strike the judgment.

On the matter of an averment of default, the court is of the opinion that, because the warrant specifically requires that the buyer be in default for a space of 10 days before judgment can be confessed, there must be an averment of such default establishing the date of the default and the fact that the 10-day period had passed. Thus the condition of the warrant, that default be for a space of 10 days after the money was due and payable, would be averred. Had there been no 10-day period, there might not have been a need for such an averment, but that is not the case here.

It appears to the court, however, that there is no reason why the record may not be amended, as requested by plaintiff company, so as to show an averment of default. If such an amendment is made within

five days after notice hereof, as requested by plaintiff, the rule to strike off the judgment will be discharged; otherwise, the rule will be made absolute.

### Order of Court

And now, January 10, 1956, after argument and briefs filed, it is ordered, adjudged and decreed that plaintiff be given five days from the above date to file the required affidavit. If the affidavit is not filed within this period, then the judgment is stricken.

Eo die, exception noted to plaintiff and bill sealed.