Fidelity America Financial Corporation *v.* Bassman, Appellant.

Argued April 30, 1958. Before JONES, C. J., MUS-MANNO, ARNOLD, JONES and COHEN, JJ.

*Stanford Shmukler*, with him *Harry P. Voldow*, and *William A. Goichman*, for appellants.

*Jack Goushian*, with him *Bertram Bennett*, and *Jenkins, Bennett & Jenkins*, for appellee.

OPINION BY MR. JUSTICE COHEN, September 29, 1958:

This is an appeal from the order of the Court of Common Pleas No. 7 of Philadelphia County denying defendants' petition to strike a judgment entered against them by confession.

In 1957, the defendants entered into an indemnity and surety agreement in which they agreed to serve as sureties for a principal debtor, Bassman, Inc., in the event that this corporation defaulted on its obligations to the plaintiff under a separate accounts receivable financing contract. Pursuant to authority granted them in the surety instrument, attorneys for the plaintiff in an amicable action subsequently confessed judgment against the defendants in the sum of $86,250 representing $75,000 principal, and $11,250 attorneys' collection fees. Thereafter, plaintiff issued attachment execution against one of the individual de-

fendant sureties. The defendants filed a petition and rule to strike off the judgment which the trial judge denied without prejudice, however, to their rights to file a petition and rule to open the judgment in whole or in part.

The defendants contend that the trial judge erred in refusing their motion to strike the judgment because (1) the warrant of attorney expressly conditioned the confession of judgment upon the default of the corporate principal, whereas plaintiff averred default only on the part of the sureties and not by the principal; (2) the confession of judgment did not contain a specific statement of the nature of the alleged default; (3) the averment of default was not verified and (4) plaintiff did not aver that a demand for payment had been made and refused.

We turn first to defendants' contention that the failure to aver default of the principal debtor rendered the confession of judgment defective.

The surety agreement provided: "Principal and Sureties, jointly and severally, agree *that, in the event of any default or failure on the part of principal . . .* [the creditor may confess judgment against them]." (Emphasis supplied). The record discloses that at the time judgment was entered the only default alleged was against the "defendants," that is, the sureties. Defendants argue that since the principal debtor was not made a party defendant, it cannot be comprehended within the term "defendants" and that therefore the failure to aver the default of the principal is fatal to the judgment.

On this issue we agree with the plaintiff that, since the default of the principal is a *sine qua non* to the liability of the sureties, unless there was a default by the principal first it could not be averred that the

sureties had defaulted. Consequently, the averment of the default of the defendant sureties *necessarily* includes the default of the principal.

The second argument of the defendants is that the averment of default herein, *i.e.*, "the defendants . . . have failed to make payments on account when due," is defective for indefiniteness.

Unfortunately for their position we have recently held otherwise: "In the case . . . of a judgment entered in an amicable action in pursuance of a warrant of attorney it is necessary only that the affidavit on which the confession of judgment is based should set forth defendant's default justifying the entry of the judgment and the amount alleged to be due as a result thereof; *it is not an objection to the validity of the judgment that the facts supporting such averments can be ascertained only from evidence dehors the face of the obligation; if such facts are contested the defendant's remedy is by rule to open the judgment, not to strike it off.*" (Emphasis supplied). *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 364-65, 126 A. 2d 421 (1956). If the defendants believe that the averment of default in the confession of judgment was unjustified or that the damages were overstated, they may properly raise these objections under the order of the court below in proceedings to open the judgment.

As the other contentions of the defendants were neither raised in their petition to strike nor presented to the court below, we need not consider them here.

Order affirmed.