Park-Main Co. of Penn., Inc., Appellant, *v.*
Fayette National Bank and Trust
Company of Uniontown.

Argued May 26, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

*Wiley A. Bucey, Jr.,* with him *Sherman T. Rock, G. Taylor Hess,* and *Paul, Lawrence & Rock,* for appellant.

*David McNeil Olds,* with him *Elder W. Marshall, Thomas A. Waggoner,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE MCBRIDE, July 2, 1959:

This is an appeal by landlord from an Order of the Common Pleas Court of Fayette County striking off a judgment for $772,916.55 entered against the tenant. The judgment was purportedly entered under a power to confess judgment contained in a long term lease.

On October 31, 1952, Fayette Title and Trust Building, a Pennsylvania corporation, leased to Fayette National Bank and Trust Company of Uniontown, for a term of 35 years and 6 months, commencing November 1, 1952 and ending April 30, 1988, the major portion of the first floor and certain basement areas of a twelve-story office and apartment building. The basic annual rental was $24,000, to be paid in equal monthly instalments of $2,000 each; and in addition thereto, a sum equal to 25% of any future increase in local real estate taxes on the building was to be paid. The lease also provided that in the event of a fire and thereafter during the time consumed in making repairs, the tenant would have the right to a reduction in rent proportioned to the area the damaged premises bears to the whole.

In December, 1952, Fayette Title and Trust Building assigned this lease to the Park-Main Co. of Penn., Inc. On February 12, 1958, a fire caused substantial damage to the leased premises. Thereafter the tenant computed the proportion of the damaged area to the whole and offered the landlord a reduced monthly rental instalment due March 1, 1958. The landlord refused to accept the check because of a dispute as to the damaged area. Checks in like amount were subsequently tendered to the landlord for several ensuing months but were likewise refused. On August 4, 1958 the landlord entered judgment by confession in its favor and against the tenant bank for the sum of $736,111 debt plus $36,805.55 attorneys' commissions.

The only pleading filed to support the entry of judgment was an unverified paper titled "Statement and Confession" signed by two lawyers as attorneys for the landlord plaintiff. In its entirety it read as follows: "The claim of the Plaintiff in this case is founded on a lease under seal, and an assignment thereof, with power of attorney to confess judgment. The lease was recorded November 3, 1952, in the Recorder's Office of Fayette County in Deed Book Volume 769, page 192. The assignment was recorded December 29, 1952, in the Recorder's office of Fayette County in Deed Book 773, page 135. Copies of both are attached hereto, made part hereof and marked Exhibits 'A' and 'B'.

"The Plaintiff claims that the Defendant is in default in the payment of rentals and taxes on the aforesaid lease.

> "G. Taylor Hess,
> Sherman T. Rock,
> Paul, Lawrence & Rock,
> Attorneys for Plaintiff"

Attached to this document was a copy of the lease. The provisions of the lease relating to the acceleration of rent (Article IV. section 1) are as follows: "If Tenant shall default in payment of any instalment of rent, or of any other sum provided for under this lease as the same becomes due and payable . . . then and in such case the entire rent for the balance of said term shall at once become due and payable as if by the terms of this lease it were all payable in advance. . . ."

With regard to summary judgment the lease provides: (Article IV, section 2) ". . . on every default of payment of rent by Tenant under this lease, or on any and every breach of covenant or agreement by Tenant under the terms of this lease, Tenant does hereby empower any attorney of any court of record within the United States or elsewhere to appear for Tenant

and with or without declaration filed, confess judgment against Tenant and in favor of Lessor, its successors or assigns, as of any term, for the sum due by reason of said default in the payment of rent, including unpaid rent for the balance of the term if the same shall have become due and payable under the provisions herein, . . ."

Defendant questions at the outset the validity of the judgment on the ground that it was entered without a sufficient averment of default, contending that this requirement was not met unless the record contained a specific averment of the facts justifying the confession. *Kolf v. Lieberman*, 282 Pa. 479, 128 Atl. 122. However, this Court has recently held that the default may be pleaded generally without averring with particularity the facts relied on to support the claim of default and without verification. *Fidelity America Financial Corporation v. Bassman*, 393 Pa. 613, 144 A. 2d 841; *Kros v. Bacall Textile Corporation*, 386 Pa. 360, 126 A. 2d 421. Thus the averment of default filed by plaintiff herein is sufficient. There are, however, other more fundamental defects involved in this confession of judgment.

The power to confess judgment contained in a lease must be construed most strictly against the landlord. It is correct to speak in the abstract of the tenant's ability to confess judgment against himself and logically, therefore, to authorize someone else to do the same. But actually a confession of judgment is substantially *ex parte*. Though the tenant may have authorized the confession he is certainly entitled to have the exercise of the power confined most strictly to the terms of the authorization so as to prevent its misuse or abuse. *Baldwin v. American Motor Sales*, 309 Pa. 275, 163 Atl. 507; *Rambo Building & Loan Asso. v. Dragone*, 305 Pa. 24, 156 Atl. 311. With this principle in the

foreground we must determine, in the instant case, what was the authority given by the tenant to the landlord and did the record before the court below sustain the exercise of that authority within those limits.

The scope of the authority to confess judgment is defined by the terms of the warrant of attorney which authorizes the confession of judgment "for the sum due by reason of said default in the payment of rent, including unpaid rent for the balance of the term if the same shall have become *due and payable under the provisions herein.*" What amount is "due and payable under the provisions herein"? Certainly not the full amount of the rental for the remainder of the term, for the tenant is clearly entitled to some reduction in the future rental due to the fire damage. The power to confess is limited to the "sums due" and the $724,000 claimed as the accelerated rent could not possibly be due from the tenant under the circumstances. The lease provides in Article V, section 2(i) for a reduction in rental for fire damage. It is clear from the very face of the judgment entered that the landlord gave no credit for this reduction whatever. The court below, therefore, was bound to strike off this judgment, improper on its face, as an abuse of the authority of the warrant. *Grady v. Schiffer*, 384 Pa. 302, 121 A. 2d 71; *Baldwin v. American Motor Sales*, 309 Pa. 275, 163 Atl. 507.

Also, should the tenant's warrant be construed to authorize the entry of judgment for the full accelerated future rent to the end of the term the amount of the judgment obviously includes still another item. The balance of the term as of the date judgment was entered was 30 years and 2 months, which, at $2,000 per month, equals $724,000. The debt alleged was $736,111. The difference is an amount estimated as the tenant's 25% share of the amount by which future taxes on the building exceed what they would have been at the 1952

level. The "Statement and Confession" entered in this case refers to a failure to pay "taxes on the aforesaid lease"; but the lease does not require the tenant to pay all taxes but only a proportion of any increase in the real estate taxes. We conclude, therefore, that from the facts of the record an improper item was included within the scope of the confessed judgment, i.e., "taxes". The inclusion of an improper item is a proper basis for striking off a judgment. *Grady v. Schiffer*, 384 Pa. 302, 121 A. 2d 71. Also, it is entirely speculative to attempt to determine what the annual amount of taxes on this property will be over a thirty year period. Thus "taxes" could not properly be included within the confession of judgment as they are a completely indeterminate and unsubstantiated figure.

The judgment was void and was properly stricken off.

Order affirmed.