Opinion by
Flood, J.,
This case concerns the validity of a judgment entered by confession under a warrant contained in a lease. The statement of confession or “declaration on judgment” averred that the lessee “had promised to pay . . . [the lessor] the sum of eighty-five dollars ($85.00) as rent on or before April 1, 1962, and the sum of one hundred fifty dollars ($150.00) as additional rent. . . .” Judgment was entered for $235 rent plus attorney’s commission of $150 or á total of $385.
The court below made absolute the rule to strike the judgment because it improperly included the sum of $150 as additional rent. The inclusion of an improper item within the scope of a confessed judgment is a proper basis for striking off the judgment (Park-Main Co. of Penn. Inc. v. Fayette National Bank & Trust Co., 397 Pa. 75, 152 A. 2d 714 (1959)) and the question before us is whether the item of $150 was improperly included.
The clause under which this item is claimed to be due as additional rent reads: “The Tenant covenants ... to remove no additions, or improvements made by the Lessor, or of the Tenant, nor alter the premises nor sublet the same or any part thereof, nor to post bills or erect billboards or signs, nor assign this Lease voluntarily, involuntarily, by judicial sale or otherwise, without the written consent of the Lessor, under penalty of instant forfeiture of this Lease and the terms hereof, and payment of $150.00 as additional rent. . . .”
*433 In the answer to the lessee’s petition to strike, thé lessor averred that the $150 additional rent had become due and, under new matter, averred an alteration of the premises without his consent. Since an alteration, not consented to, is a breach of the above-recited covenant, the confession of judgment for $150 additional rent based on this breach was authorized. The lessee’s denial of the breach would at most give it the right to have the judgment opened to present the defence.
The error complained of by the appellee thus reduces to the insufficient specification of the default in the plaintiff’s “declaration on judgment” which, as to this item, said merely that the defendant was in default in the payment of $150 as additional rent undér the terms of the lease. In Park-Main Co. of Penn., Inc. v. Fayette National Bank & Trust Co., supra, at p. 79, the Supreme Court said: “[T]his Court has recently held that the default may be pleaded generally without averring with particularity the facts relied on to support the claim of default without verification. Fidelity America Financial Corporation v. Bassman, 393 Pa. 613, 144 A. 2d 841 [1958]; Kros v. Bacall Textile Corporation, 386 Pa. 360, 126 A. 2d 421 [1956].” In the Park-Main case the “Statement and Confession” averred merely that “. . . the Defendant is in default in the payment of rentals and taxes on the aforesaid lease.” In Kros v. Bacall, supra, the affidavit averred that the fire which destroyed the premises was caused by the act, fault or neglect of defendant or those acting for it. In Fidelity America Finance Corporation v. Bassman, supra, the averment was that “the defendants . . . have failed to make payments on account when due”. In that case the court said, quoting Kros v. Bacall, supra, that “. . . it is not an objection to the validity of the judgment that the facts supporting such averments can be ascertained only from evidence de *434 hors the face of the obligation; if such facts are contested the defendant’s remedy is by rule to open the judgment, not to strike it off.”
Since the lease here authorized the entry of judgment for $150 additional rent if the lessee made any unauthorized alterations, the judgment should not have been stricken off.
Whether there were actually any unauthorized alterations is an issue of fact determinable only upon a rule to open judgment. The appellee filed a rule to open as well as to strike, but abandoned the rule to open in the court below. Moreover, the appellant’s answer to the rule averred an alteration of the premises not consented to by him and his depositions supported this averment. The appellee submitted no counter-depositions and the court below stated that an examination of the pleadings “would indicate that the $150 additional rent accrued due to the alteration of the premises without the consent of the lessor.” There is no basis in the record for opening the judgment.
The order is reversed and the judgment is reinstated.