Commonwealth *v.* Brothers Valley Company
(et al., Appellant).

Argued September 28, 1967. Before MUSMANNO,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused December 13, 1967.

*Rod J. Pera,* with him *J. Thomas Menaker,* and *Mc-Nees, Wallace & Nurick,* for appellant.

*Leon Ehrlich,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, November 14, 1967:

Forty-two separate judgments were entered against the Resolute Insurance Company on various bonds filed by it as surety under the terms of the Bituminous Coal Open Pit Mining Conservation Act (Act of May 31, 1945, P. L. 1198, as amended, 52 P.S. §1396.4 et seq.), pursuant to a confession of judgment clause contained in the bond instrument. Petitions to strike the judgments off the record were filed in each of the cases in the Court of Common Pleas of Dauphin County at the Commonwealth Docket. They were dismissed. The issues involved in each of the forty-two cases being identical, all the cases were consolidated for appeal to, and argument before this Court.

The Resolute Insurance Company contends that the judgments confessed were defective on their face for several reasons. The company's principal argument in this respect is that neither the executed and attested original nor an executed and attested copy of the bond instrument containing the confession clause was filed

of record. The answer to this depends on what interpretation is to be given to the following language of that bond instrument: "And Further, the principal and surety abovenamed, upon the happening of any default on the conditions and obligations assumed under this bond and the declaration of a forfeiture by the Secretary of Mines and Mineral Industries, the period for appeal provided by the Act having expired, authorize and empower the Attorney General of the Commonwealth of Pennsylvania, or any other attorney of any Court of Record in Pennsylvania, or elsewhere, by him deputized for the purpose, to appear for and confess judgment against them in favor of the Commonwealth with or without defalcation, with costs of suit, release of errors, without stay of execution, and the principal and surety doth also hereby waive the holding of an inquisition of any real estate that may be levied on by virtue thereof. *And for the doing of these acts, this instrument or a copy thereof, attested as aforesaid, shall be full warrant and authority.*"

The Commonwealth filed with the prothonotary and attached to the confession of judgment an electrostatic copy produced by the use of a Xerox copying machine. No attestation as to its being a true and correct copy was attached. Thus, the question arises: Was the filing of such an unattested copy authorized by the above-quoted language of the bond under which the confession of judgment was entered? The Insurance Company contends that the phrase "attested as aforesaid" applies to the copy authorized to be filed and that unless the copy is so attested compliance with the confession of judgment clause has not been made. In reply, the Commonwealth, argues that the term "Attested as Aforesaid" merely refers back to the instrument or bond itself, that is, the original, and that so long as it was attested to, then a true and correct copy thereof is sufficient to authorize the confession

of judgment. The lower court agreed. We find no reason for disagreement with this conclusion. A logical reading of the language shows that the term "attested as aforesaid" was not intended to qualify or condition the kind of copy to be filed but was intended to insure that the original bond itself should be attested, and that a true and correct copy of the bond so attested could be filed in place of the original. The Insurance Company sees much danger in this conclusion in that it foresees the possibility of simultaneous filing of the same bond in every county merely by filing a copy in each of the counties, and, in such a case, the debtor would have to petition in each of the counties involved. However, this effect would not be avoided merely by having an attestation to the authenticity of the filed copy because it also could be so simultaneously filed. Furthermore, as pointed out by the Commonwealth, even where only the original is permitted to be filed, the judgment can be certified to the other counties within the Commonwealth.

The Insurance Company also argues that the Commonwealth failed to allege in what manner the company or its principal had defaulted on the bond. The Commonwealth in its confession of judgment averred that "defendants have neglected and failed to comply with the requirements of the said Bituminous Coal Open Pit Mining Conservation Act, with respect to the lands affected by open pit mining operations for which the said bond was executed and delivered by the defendants. . .". The Insurance Company claims the Commonwealth should have stated the particular requirements of the Act which had not been met. In *Park-Main Co. of Penn., Inc. v. Fayette National Bank & Trust Co.*, 397 Pa. 75, we pointed out that "this Court has recently held that the default may be pleaded generally without averring with particularity the facts relied on to support the claim of default and without

verification. Fidelity America Financial Corporation v. Bassman, 393 Pa. 613, 144 A. 2d 841; Kros v. Bacall Textile Corporation, 386 Pa. 360, 126 A. 2d 421."

The third ground of attack made by the Insurance Company is that the Commonwealth, in its confession of judgment, failed to aver that the period of appeal had expired. The bond merely states that upon the happening of any default and a declaration of forfeiture by the Secretary of Mines and Mineral Industries, the period of appeal provided by the Act having expired, judgment may be confessed against the obligor. There is no express requirement for a statement that the period of appeal provided for must have expired, and since on the face of the record there is nothing to indicate that any appeal was filed or pending (and in actual fact no appeal had been taken), no determination that judgment was prematurely confessed can be made.

Thus, we reach the conclusion that the court below properly dismissed each of the petitions to strike off the 42 judgments properly confessed against the Resolute Insurance Company under the authority of the bonds executed by it as surety.

Order affirmed in each of the 42 cases.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I think it clear that at best the language in the bond instrument authorizing confession of judgment is ambiguous. The surety insists that the disputed phrase, "attested as aforesaid," modifies "copy" thus requiring that the copy be attested, while the Commonwealth insists that only a copy of the attested original is required. Appellants' position is perhaps the more logical reading for, as we said in a different context, "it is a basic postulate of good sentence structure

504

to locate a modifying clause as close to its antecedent as possible. . . ." *Moore v. Osser*, 427 Pa. 238, 242, 233 A. 2d 579, 581 (1967). If good sentence structure is thus to hold sway, "attested as aforesaid" modifies "copy" and appellants' insistence upon an attested copy is supported by the language of the bond instrument.

Ambiguity also lurks in the phrase "the period for appeal provided by the Act having expired." The bond instrument leaves unexplained whether the parties intended that expiration of the appeal period should be an express condition upon the right to confess judgment, in which case an averment to that effect would be necessary.

Two well established legal maxims would thus seem to dictate that the petition to strike should have been granted. A warrant of attorney authorizing the entry of judgment must be strictly followed[1] and a document will be construed against the party who drafted it,[2] in this case the Commonwealth.[3] Construing the two ambiguous phrases against the Commonwealth, the procedures mandated in the warrant of attorney to confess judgment were not followed, i.e., the copy was not attested and there was no allegation that the appeal period had expired; the judgment was therefore not self-sustaining of record and should have been stricken.

---

[1] See, e.g., *Roche v. Rankin*, 406 Pa. 92, 97, 176 A. 2d 668, 671 (1962) ; *Beers v. Fallen Timber Coal Co.*, 307 Pa. 261, 264, 161 Atl. 409, 410 (1932) ; *Kolf v. Lieberman*, 282 Pa. 479, 482, 128 Atl. 122, 123 (1925) ; *Sterling Electric & Furniture Co. v. Irey*, 189 Pa. Superior Ct. 450, 452, 150 A. 2d 363, 364 (1959).

[2] See cases cited and discussed in 8 P.L.E., Contracts §133.

[3] The code identification in the upper-left corner of the first page of the bond indicates that it is a Commonwealth prepared form.

However, it is not necessary to rest upon what might, with some justice, be termed "technical" arguments. The averment of default in the confession of judgment—"defendants have neglected and failed to comply with the requirements of the said Bituminous Coal Open Pit Mining Conservation Act, with respect to the lands affected by open pit mining operations for which the said bond was executed and delivered"—is no more informative than a bare allegation that a default exists for which the surety is liable.[4] Therefore, if even minimal specificity is required in an averment of default, the Commonwealth's averment is not sufficient. I believe that a careful analysis of our cases indicates that such minimal specificity is required.

In each of our cases sustaining an averment of default the default was in some way sufficiently particularized to satisfy the rule "that where the authority to enter a judgment by confession is dependent upon some default of the defendant there must be an averment of *such* default before a valid judgment can be entered."[5] (Emphasis supplied.) *West Penn Sand &*

---

[4] The surety bond guaranteed that the principal would faithfully perform all the requirements of the Bituminous Coal Open Pit Mining Conservation Act, Act of May 31, 1945, P. L. 1198, 52 P.S. §1396.1 et seq. That act, containing 21 sections, is replete with detailed and technical compliance requirements. For example, §§10, 11 and 12 alone contain more than 15 distinct requirements and procedures which must be observed by a strip mine operator. A default in performance of any of these statutory mandates would be sufficient to declare the bond defaulted.

[5] A line of cases beginning with *Kolf v. Lieberman*, 282 Pa. 479, 128 Atl. 122 (1925) has invalidated judgments because of the absence of an averment of default. It is often not clear, however, from a reading of these cases whether the court decided that there was no averment or that the averment employed was so insufficiently particularized as to be equivalent to no averment. See, e.g., *Peterson v. Schultz*, 162 Pa. Superior Ct. 469, 58 A. 2d 360 (1948) ; *Advance-Rumely Thresher Co. v. Frederick*, 98 Pa. Superior Ct. 560 (1930). In other cases citing *Kolf*, such as *Commonwealth v. J. &*

*Gravel Co. v. Shippingport Sand Co.,* 367 Pa. 218, 221,
80 A. 2d 84, 86 (1951). For example, to fulfill this
requirement in *West Penn* there was appended to the
affidavit of default, and incorporated by reference
therein, a notice sent to defendant listing the nature of
his defaults. Similarly, in *Park-Main Co. of Penn.,
Inc. v. Fayette National Bank & Trust Co. of Union-
town,* 397 Pa. 75, 79, 152 A. 2d 714, 716 (1959), this
Court rejected a contention that an averment of de-
fault must contain "a specific averment of the facts
justifying the confession," for a default may be pleaded
generally without averring with particularity the facts
underlying the claim of default. However, the aver-
ment held sufficient in *Park-Main* was that the defend-
ant had failed to perform several covenants (to pay
rentals and taxes) in its lease and the covenants
breached were pleaded with sufficient specificity that
the court could determine whether the lease did au-
thorize confession of judgment for such a breach.[6] To
make *Park-Main* authority for the majority's position,
the allegation there would have stated merely that de-
fendant "breached a covenant in the lease."

Nor do the cases cited by the majority support the
conclusion that an averment as insufficiently particu-
larized as the Commonwealth's is sufficient. *Fidelity
America Financial Corp. v. Bassman,* 393 Pa. 613, 144
A. 2d 841 (1958) held that an averment that defend-
ant had failed to make payment on accounts when due
was sufficient where the surety had guaranteed pay-

---

*A. Moeschlin, Inc.,* 314 Pa. 34, 170 Atl. 119 (1934), the Court mere-
ly indicated that the averment was "detailed."

[6] See *Thomas v. Davis,* 163 Pa. Superior Ct. 6, 7-8, 60 A. 2d
405, 406 (1948): "The warrant of attorney in the lease authorized
the entry of judgment in an amicable action of ejectment if the
lessees violated any of the covenants of the lease. In confessing
judgment under such a warrant of attorney it is essential that the
confession of judgment be accompanied by a specific averment of
default within the terms of the lease itself."

ment of obligations under an accounts receivable financing contract; *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421 (1956) concerned an averment that a fire was caused by the act, fault or neglect of defendant and thus in violation of the terms of the lease. In both of these decisions the averment was sufficient to meet the applicable standard (*Kros v. Bacall Textile Corp.*, supra at 364-65, 126 A. 2d at 424): "In the case . . . of a judgment entered in an amicable action in pursuance of a warrant of attorney it is necessary only that *the affidavit on which the confession of judgment is based should set forth defendant's default justifying the entry of the judgment* and the amount alleged to be due as a result thereof; it is not an objection to the validity of the judgment that the facts supporting such averments can be ascertained only from evidence dehors the face of the obligation; . . ." (Emphasis supplied.)

The Commonwealth's insufficiently particularized averment does not "set forth defendant's default" but rather baldly insists that defendant has defaulted. Such a distinction is more than a semantic quibble. Although facts need not be alleged, the default must in some general terms be specified. Thus, in my view, the Commonwealth was required to indicate what requirement of the Bituminous Coal Open Pit Mining Conservation Act had been breached, e.g., failure to file reports, failure to restore worked out coal seams, etc.; such a requirement would not impose the burden of alleging the facts supporting this determination of default.

I dissent.