## General Neon Signs Outdoor Advertising Division v. Steer Inn Systems, Inc.

*Gilbert P. High, Jr.*, for plaintiff.

*Daniel T. Deare, Jr.*, for defendant.

HONEYMAN, J., February 11, 1969.—This matter comes before the court on a petition and rule to strike off a judgment entered by virtue of a power of attorney contained in a lease, which power defendant contends was exhausted by previous use.

A written lease was entered into on June 19, 1962, by plaintiff as lessor and defendant as lessee. The lease was to cover the rental of various billboards and the lease was to remain in effect for a period of "not less than 36 months." Within the lease was a clause which gave plaintiff the power to confess judgment whenever the rent remained unpaid.

On June 12, 1963, defendant having defaulted in the payment of rent, judgment was confessed against it and entered of record by the prothonotary as of No. 63-5563. On May 11, 1964, this judgment was marked fully paid and satisfied per order filed by the prothonotary.

Thereafter, on March 26, 1964, the parties entered into another written agreement, which agreement covered the lease of billboards (three of the original signs were deleted and two new signs were added). The new agreement, in paragraph No. 1, purported to incorporate by reference the original rental contract of June 19, 1962. Plaintiff claims that pursuant to the warrant of attorney which was allegedly incorporated by reference into the second agreement, judgment was properly entered on January 21, 1965 in the instant case, no. 65-804. Defendant contends that the judgment in this case is void since it was entered on the same warrant of attorney contained in the 1962 agreement on which the previous judgment had been entered. The parties agree that once a warrant of attorney is employed for the purpose of confessing judgment on a lease, the authority of the warrant is exhausted, and may not be employed a second time, in spite of a specific provision in the warrant of attorney to the effect that the warrant may be used more than once. The law is well settled to this effect: Livezly v. Pennock, 2 Browne (Pa.) 321 (1813); Mars National Bank v. Hughes, 243 Pa. 223 (1914).

704

In the case which plaintiff attempts to distinguish from the case at bar, i.e., Maricic v. Slesser, 44 D. & C. 693 (1942), it is interesting to note that the court pointed out, at page 696:

"It is well settled that a warrant of attorney by virtue of which a summary judgment is entered should be strictly construed against the party in whose favor it is given: Baldwin et al. v. American Motor Sales Co., 309 Pa. 275, 277, and cases there cited. The strict application of the rule preventing the entry of a second judgment on a power of attorney has been uniformly followed by the courts in spite of numerous efforts to distinguish particular cases and take them without the general rule."

The court then goes on to cite three more instances wherein attempts to distinguish were made and failed.

Plaintiffs here contend that the agreement of March 26, 1964, constitutes a substituted contract and not an executory accord and that since this substituted contract incorporates by reference the original rental contract, the warrant of attorney is also incorporated by reference. However, in light of the strict construction which has been given to warrants of attorney and in consideration of the fact that the courts have, in many situations, stricken off the second judgment because it was felt that the power was exhausted in the first, and also in consideration of the fact that it would have been a simple matter for the parties to have specifically set forth a new warrant of attorney in the second agreement, especially in light of the law as it stands, defendants' rule to strike off the judgment entered under the above number should be made absolute and the judgment stricken off the record.

ORDER

And now, February 11, 1969, the judgment entered January 21, 1965, is ordered stricken.